CA NO. 22-50048

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

STEVEN DUARTE,

      Defendant-Appellant.

DC NO. 2:20-cr-00387-AB-1

---

**APPELLANT'S EXCERPTS OF RECORD**

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

HONORABLE ANDRE BIROTTE, JR.
United States District Judge

CUAUHTEMOC ORTEGA
Federal Public Defender
SONAM HENDERSON
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081
Email: Sonam_Henderson@fd.org

Attorneys for Defendant-Appellant

## TABLE OF CONTENTS

**Page**

JUDGMENT AND COMMITMENT ORDER
Filed February 28, 2022
Docket No. 144 ....................................................................3

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO
EXCLUDE PRIOR BAD ACTS
Filed July 30, 2021
Docket No. 70 ..................................................................... 8

INDICTMENT
Filed September 1, 2020
Docket No. 1 .......................................................................19

NOTICE OF APPEAL
Filed March 9, 2022
Docket No. 146 ................................................................... 23

DISTRICT COURT DOCKET SHEET ..................................................29

**United States District Court**
**Central District of California**

**JS-3**

UNITED STATES OF AMERICA vs.          Docket No.          CR 20-00387-AB

Defendant    Steven Duarte          Social Security No.  3   5   4   0

akas:   Shorty          (Last 4 digits)

| JUDGMENT AND PROBATION/COMMITMENT ORDER |
|---|

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 02 | 23 | 2022 |

**COUNSEL**          **Oliver P Cleary, CJA Appointment**

(Name of Counsel)

**PLEA**      ☒ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.  ☐ **NOLO CONTENDERE**   ☐ **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of: Felon in Possession of a Firearm and/or Ammunition in violation of 18 U.S.C. § 922(g)(1), as charged in Count 1 of the Indictment.

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: **Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Steven Duarte, is hereby committed on Count 1 of the Single-Count Indictment to the custody of the Bureau of Prisons for a term of fifty-one (51) months.**

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three (3) years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04.

2. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

3. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath or sweat patch testing, as directed by the Probation Officer.  The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision.

4. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the U.S. Probation and Pretrial Services Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs. The defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

5. As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision.  The defendant shall provide payment and proof of payment as directed by the Probation Officer.  If the defendant has no ability to pay, no payment shall be required.

6. During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

7. When not employed or excused by the Probation Officer for schooling, training, or other acceptable reasons, the defendant shall

ER 3

USA vs.   Steven Duarte                              Docket No.:   CR 20-00387-AB

perform 20 hours of community service per week as directed by the Probation & Pretrial Services Office.

8.  The defendant shall not associate with anyone known to the defendant to be a member of the 18th Street Gang and others known to the defendant to be participants in the 18th Street Gang's criminal activities, with the exception of the defendant's family members. The defendant may not wear, display, use or possess any gang insignias, emblems, badges, buttons, caps, hats, jackets, shoes, or any other clothing that defendant knows evidence affiliation with the 18th Street Gang, and may not display any signs or gestures that defendant knows evidence affiliation with the 18th Street Gang.

9.  As directed by the Probation Officer, the defendant shall not be present in any area known to the defendant to be a location where members of the 18th Street Gang meet or assemble.

10. The defendant shall submit the defendant's person, property, house, residence, vehicle, papers, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

11. The defendant shall cooperate in the collection of a DNA sample from the defendant.

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

The Court recommends that the defendant be considered for participation in the Bureau of Prison's Residential Drug Abuse Program (RDAP).

The Court authorizes the Probation & Pretrial Services Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

Defendant informed of his right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

February 28, 2022
Date                                              U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

February 28, 2022                          By    C. Badirian
Filed Date                                            Deputy Clerk

USA vs.   Steven Duarte                                    Docket No.:   CR 20-00387-AB

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;

9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

ER 5

USA vs.   Steven Duarte                                    Docket No.:   CR 20-00387-AB

☐ The defendant must also comply with the following special conditions (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

### CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS

As directed by the Probation Officer, the defendant must provide to theProbation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs.   Steven Duarte                                    Docket No.:   CR 20-00387-AB

---

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____   to _____

Defendant noted on appeal on _____

Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____   to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____        By _____
Date                                         Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____        By _____
Filed Date                                   Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____              _____
             Defendant                                      Date

_____              _____
U. S. Probation Officer/Designated Witness            Date

---

1  TRACY L. WILKISON
   Acting United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   KYLE W. KAHAN (Cal. Bar No. 298848)
4  JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
   Assistant United States Attorneys
5  General Section
        1100 United States Courthouse
6       312 North Spring Street
        Los Angeles, California 90012
7       Telephone: (213) 894-2238/0304
        Facsimile: (213) 894-0141
8       E-mail:    kyle.kahan@usdoj.gov
                   juan.rodriguez@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

11                 UNITED STATES DISTRICT COURT

12            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,          No. CR 20-387-FMO

14          Plaintiff,               GOVERNMENT'S OPPOSITION TO
                                     DEFENDANT'S MOTION *IN LIMINE* TO
15          v.                       EXCLUDE PRIOR BAD ACTS

16 STEVEN DUARTE,                    Hearing Date: August 13, 2021
                                     Hearing Time: 2:00 p.m.
17          Defendant.               Location:    Courtroom of the
                                                  Hon. Fernando M.
18                                                Olguin

19

20      Plaintiff United States of America, by and through its counsel

21 of record, the Acting United States Attorney for the Central District

22 of California and Assistant United States Attorneys Kyle W. Kahan and

23 Juan M. Rodriguez, hereby files its opposition to defendant's motion

24 *in limine* to exclude prior bad acts.

25 //

26 //

27

28

1        This opposition is based upon the attached memorandum of points

2    and authorities, the files and records in this case, and such further

3    evidence and argument as the Court may permit.

4

5    Dated: July 30, 2021          Respectfully submitted,

6                                           TRACY L. WILKISON
                                            Acting United States Attorney

7                                           SCOTT M. GARRINGER

8                                           Assistant United States Attorney
                                            Chief, Criminal Division

9

10                                          */s/*
                                            KYLE W. KAHAN

11                                          JUAN M. RODRIGUEZ
                                            Assistant United States Attorneys

12

13                                          Attorneys for Plaintiff
                                            UNITED STATES OF AMERICA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

STEVEN DUARTE ("defendant"), who accumulated five felony convictions between 2013 to 2019, was arrested on March 20, 2020 for felon in possession of a firearm and ammunition.  The government has timely provided defendant with notice of its intent to use defendant's active post-release community supervision ("PRCS") status as evidence of his motive in the instant case and his plan, knowledge, absence of mistake, and lack of accident related to the fact that, as a felon, he was prohibited form possessing a firearm and ammunition.  Fed. R. Evid. 404(b); (Exhibit A, July 16, 2021 Notice.)  The government also provided notice of its intent to use four of defendant's prior felony convictions to impeach his credibility in the event he testifies.  Fed. R. Evid. 608(b), 609(a)(1)(B); (Exhibit A; Exhibit B, July 20, 2021 Supplemental Notice).  Defendant now moves to exclude defendant's prior conviction for Felon in Possession of a Firearm as evidence under Federal Rules of Evidence 404(b), and 609(a)(1)(B).  (Dkt. 62 ("Motion").)

As a preliminary matter, defendant has thus far declined to stipulate to his prior convictions, and his knowledge thereof, both of which are elements of the charged offense that the government must prove at trial.  Thus, to the extent no stipulation is forthcoming, the government will seek to admit certain of defendant's prior convictions pursuant to its obligation to prove up those elements.

Separately, and should defendant stipulate on those elements, the first part of defendant's motion is moot, as the government does not intend to use defendant's prior felony conviction for Felon in Possession of a Firearm as Rule 404(b) evidence.  However, to offer

1

the jury with a full, comprehensive view of defendant's criminal history and ensure that the jury is provided with a fair opportunity to truly evaluate the defendant's credibility, defendant's prior felony conviction for Felon in Possession of a Firearm, along with his convictions for Evading a Peace Officer and Possession of a Controlled Substance for Sale, should be admitted for impeachment purposes.  Accordingly, defendant's motion should thus be denied.[1]

**II.   STATEMENT OF FACTS**

Defendant has been convicted of five felonies between 2013 to 2019:

1) A felony conviction for California Penal Code section 594(a) – Vandalism – on or about February 6, 2013;

2) A felony conviction for California Penal Code section 29800(a)(1) – Felon in Possession of a Firearm – on or about September 8, 2016;

3) A felony conviction for California Vehicle Code section 2800.2 – Evading a Peace Officer – on or about September 8, 2016;

4) A felony conviction for California Health & Safety Code section 11351.5 – Possession of a Controlled Substance for Sale – on or about September 8, 2016; and

5) A felony conviction for California Vehicle Code section 2800.2 – Evading a Peace Officer – on or about February 5, 2019.

On July 16, 2021, the government timely noticed defendant of its intent to use defendant's 2016 felony convictions for Evading a Peace Officer and Possession of a Controlled Substance for Sale, and his

---

[1] Defendant also makes a request for immediate production of discovery.  The government will continue to comply with its discovery obligations under the law, including <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

2

1  2019 felony conviction for Evading a Peace Officer, as impeachment

2  evidence against defendant in the event he testifies.[2]  On July 20,

3  2021, the government supplemented its July 16, 2021 notice to add

4  defendant's 2016 felony conviction for Felon in Possession of a

5  Firearm as potential impeachment evidence against defendant.

6  (Exhibit B.)

7  **III. ARGUMENT**

8      **A.   The Government Does Not Intend to Use Defendant's Prior
   Conviction for California Penal Code Section 29800(a)(1)**

9          **Under Federal Rule of Evidence 404(b).**

10     The government does not intend to use defendant's prior felony

11 conviction under California Penal Code section 29800(a)(1) as

12 evidence under Rule 404(b).  As explained below, the government only

13 intends to use this evidence for impeachment purposes under Rule

14 609(a)(1)(B).  As discussed in the government's motion in limine #1,

15 the only evidence the government seeks to admit pursuant to Rule

16 404(b) is the fact of defendant's active post-release community

17 supervision status on March 20, 2020.  (See Dkt. 51.)

18     **B.   The Government Timely Notified Defendant of Its Intent to
   Use Defendant's Prior Convictions as Impeachment Evidence;**

19         **The Prior Convictions Are Admissible And Are Substantially
   Probative of Defendant's Credibility.**

20

21     At the outset, defendant claims that the government did not

22 provide notice of its intent to use defendant's prior conviction for

23 Felon in Possession of a Firearm as impeachment evidence.  This is

24 not true.  The government provided notice to defendant in its July

25 _____

26     [2] The government also provided notice of its intent to use
   defendant's active post-release community supervision status as

27 evidence under Rule 404(b), and his 2013 felony conviction for
   Vandalism and 2016 felony conviction for Felon in Possession of a

28 Firearm as impeachment by contradiction evidence under Rule 607.
   (Exhibit A.)

1   20, 2021 supplemental notice.  (See Exhibit A; Exhibit B.)  Defendant

2   has not objected to the timeliness of the government's notices,

3   despite the government requesting immediate contact in the event

4   defendant believed the notices were insufficient.

5        Further, defendant seeks to convince this Court to prevent the

6   government from impeaching him with his prior convictions, should he

7   testify.  (Motion, at 5.)  Defendant has been convicted of a felony

8   five times.  The government, as requested in the government's motion

9   in limine #1, seeks to impeach defendant, should he testify, with

10  four of these prior convictions: (1) defendant's September 8, 2016

11  felony conviction for Possession of a Controlled Substance for Sale,

12  in violation of California Health & Safety Code Section 11351.5; (2)

13  defendant's September 8, 2016 felony conviction for Felon in

14  Possession of a Firearm, in violation of California Penal Code

15  Section 29800(a)(1); (3) defendant's September 8, 2016 felony

16  conviction for Evading a Peace Officer, in violation of California

17  Vehicle Code Section 2800.2 (collectively, the "2016 Convictions");

18  and (4) defendant's February 5, 2019, second conviction for Evading a

19  Peace Officer, in violation of California Vehicle Code section 2800.2

20  (the "2019 Conviction").  (Dkt. 52.)  As explained below, the 2016

21  Convictions and the 2019 Conviction should be admitted to impeach

22  defendant's "character for truthfulness," and the probative value of

23  the evidence as to defendant's veracity outweighs any prejudicial

24  effect.

25        1.   Applicable Law for Impeachment Evidence

26       For purposes of attacking the credibility of a defendant-witness

27  in a criminal case, Federal Rule of Evidence 609(a)(1)(B) requires

28  the admission of a criminal conviction if: (1) the crime was

4

1  punishable by death or by imprisonment for more than one year;
2  (2) ten years or fewer have passed since the defendant's conviction
3  or release from confinement, whichever is later; and (3) "the
4  probative value of the evidence outweighs its prejudicial effect to
5  that defendant." Fed. R. Evid. 609(a)(1)(B) This is so because, as
6  the Ninth Circuit has explained, a defendant "with a substantial
7  criminal history" should not be allowed to "misrepresent himself to
8  the jury, with the government forced to sit silently by, looking at a
9  criminal record which, if made known, would give the jury a more
10 comprehensive view of the trustworthiness as a witness." United
11 States v. Cook, 608 F.2d 1175, 1187 (9th Cir. 1979) (en banc),
12 overruled on other grounds, Luce v. United States, 469 U.S. 38, 40
13 n.3, 43 (1984).

14     In balancing probative value against prejudicial effect in the
15 context of Rule 609, the Court should consider the following factors
16 as outlined in Cook: (1) the impeachment value of the prior crime;
17 (2) the point in time of the conviction and the witness' subsequent
18 history; (3) the similarity between the past crime and the charged
19 crime; (4) the importance of the defendant's testimony; and (5) the
20 centrality of the credibility issue. United States v. Jimenez, 214
21 F.3d 1095, 1098 (9th Cir. 2000) (citing Cook, 608 F.2d at 1185 n.8).
22 The Court should balance all five factors. See United States v.
23 Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995), as amended on denial
24 of reh'g (Apr. 11, 1995).

25
26
27
28

2.   <u>Defendant's Prior Felony Convictions More Than Satisfy
     the <em>Cook</em> Factors and Would Provide the Jury With
     Appropriate Evidence to Judge Defendant's Credibility</u>

Contrary to defendant's assertions, all four of defendant's prior felony convictions meet the abovementioned criteria and should be admitted under Rule 609(a)(1)(B).

First, all four convictions are punishable by a term of imprisonment exceeding one year.  <u>See</u> Cal. Veh. Code § 2800.2(a) (punishable by imprisonment in state prison for up to three years if convicted of a felony); Cal. Health & Safety Code § 11351.5 (punishable by up to four years in state prison); Cal. Penal Code § 29800(a)(1) (punishable by up to three years in state prison). Indeed, defendant was sentenced to 24 months' imprisonment on each conviction.

Second, less than ten years have passed since defendant's convictions or release from confinement.  Defendant pleaded nolo contendere and was found guilty in the 2016 Convictions on September 8, 2016 and in the 2019 Conviction on February 5, 2019.

Third, the probative value of defendant's 2016 Convictions and 2019 Conviction outweigh any prejudice.  Fed. R. Evid. 403. Regarding the first <u>Cook</u> factor, defendant asserts that because defendant's "prior felonies are not violent crimes, it would appear that its impeachment value is minimal.  None of his prior convictions involve fraud."  (Motion, at 7.)  Although none of defendant's prior convictions are violent or involve fraud, the convictions still have significant impeachment value.  As to the impeachment value of defendant's 2016 conviction for Possession of a Controlled Substance for Sale, the Ninth Circuit has held that drug convictions are "probative of veracity."  <u>Alexander</u>, 48 F.3d at 1488 (quotation marks

1  omitted); see also United States v. Cordoba, 104 F.3d 225, 229 (9th
2  Cir. 1997) (prior conviction of possession with intent to distribute
3  cocaine was admissible under Rule 609) overruled on other grounds,
4  United States v. Valencia-Lopez, 971 F.3d 891, 901 (9th Cir. 2020).
5  Therefore, defendant's drug conviction has significant impeachment
6  value and weighs in favor of admission.

7      Similarly, defendant's 2016 and 2019 Convictions for Evading a
8  Peace Officer, as well as the 2016 conviction for Felon in Possession
9  of a Firearm, have significant impeachment value because they cast
10  doubt on defendant's trustworthiness and respect for the law.  Part
11  of the possible value of impeaching defendant will depend on what he
12  will testify to, but regardless, he will, of course, want the jury to
13  believe his testimony.  Defendant's prior felony convictions will
14  allow the government to show that defendant does not respect the law
15  and, therefore, may hold little regard for the oath to tell the truth
16  while testifying.

17      The second Cook factor, the point of time of the convictions and
18  defendant's history, also weighs in favor of admission, not exclusion
19  as defendant conclusory states without any factual or legal support.
20  (Motion, at 7.)  The 2016 Convictions occurred merely four years, and
21  the 2019 Conviction occurred only one year, before the charged
22  offense.  Therefore, all the convictions are well within the ten-year
23  window under Rule 609(a).

24      The third Cook factor, the similarity between the past crime and
25  the charged crime, weighs in favor of admission, not exclusion.
26  Notably, defendant only focuses on the Felon in Possession of a
27  Firearm conviction.  (Motion, at 7.)  Although it is conviction for
28  the same offense charged in the pending case, that is not a per se

1  bar to its admissibility under Rule 609.  The Ninth Circuit has held

2  that an identical prior conviction to the one charged is permissible

3  impeachment where a defendant's testimony and credibility is central

4  to the defense in order to allow the government to provide the jury

5  "with information which undercuts the defendant's trustworthiness as

6  a witness."  United States v. Browne, 829 F.2d 760, 763 (9th Cir.

7  1987) (permitting the government to introduce defendant's prior

8  robbery conviction under Rule 609 despite the fact that the pending

9  charge was also for robbery).  Also, because the other convictions

10 (Possession of a Controlled Substance for Sale and Evading a Peace

11 Officer) are significantly distinct crimes from the charged offense,

12 there is little risk that the jury will believe that "because he did

13 it before, he must have done it again."  See United States v. Bagley,

14 772 F.2d 482, 488 (9th Cir. 1985).

15      As to the fourth and fifth Cook factors, the importance of

16 defendant's testimony and the centrality of the credibility issue,

17 weigh strongly in favor of admissibility.  The government asserts

18 that the most disputed issue at trial will be whether defendant

19 knowingly possessed the firearm and ammunition, an assertion that

20 defendant does not dispute.  (Motion, at 7-8.)  Accordingly, if

21 defendant testifies, the jury will be asked to determine the

22 defendant's credibility in weighing his trial testimony.  Defendant's

23 credibility regarding knowledge would thus be a central factor in the

24 jury's determination of guilt.  See Alexander, 48 F.3d at 1489 (9th

25 Cir. 1995) (by testifying, defendant "place[d] his credibility

26 directly at issue").  To evaluate the credibility of defendant's

27 testimony, the jury is entitled to hear evidence bearing on

28 defendant's veracity.  Defendant's 2016 Convictions and 2019

8

1   Conviction would be appropriate evidence to allow the jury to

2   properly evaluate defendant's credibility.  Lastly, defendant

3   incorrectly states that the government did provide the "notice

4   required under Fed. R. Evid. 609(b)...." The government provided the

5   requisite notice on July 16, 2021 and a supplemental notice on July

6   20, 2021.

7       To the extent defendant contends that the admission of his prior

8   convictions pose significant risk that the jury will consider

9   defendant's convictions for an improper propensity purpose, this can

10  be ameliorated by a limiting instruction, which the government has

11  already recommended, and "a jury is presumed to follow [a court's]

12  instructions." Weeks v. Angelone, 528 U.S. 225, 234 (2000); United

13  States v. Bradshaw, 690 F.2d 704, 709 (9th Cir. 1982) ("Limiting

14  instructions may reduce or eliminate prejudice which would otherwise

15  occur.")

16      In sum, because defendant's credibility, if he chooses to

17  testify, is so central to the determination of guilt, the probative

18  value of the evidence of defendant's 2016 Convictions and 2019

19  Conviction outweigh any prejudicial effect.  Accordingly, defendant's

20  2016 Convictions and 2019 Convictions should be admitted pursuant to

21  Rule 609.

22  **IV.   CONCLUSION**

23      For the foregoing reasons, the government respectfully requests

24  that this Court deny defendant's motion in limine to exclude prior

25  bad acts.

26

27

28



**FILED**
CLERK, U.S. DISTRICT COURT

09/01/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2020 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:20-cr-00387-FMO |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| STEVEN DUARTE, aka "Shorty," | |
| Defendant. | |

The Grand Jury charges:

[18 U.S.C. § 922(g)(1)]

On or about March 20, 2020, in Los Angeles County, within the Central District of California, defendant STEVEN DUARTE, also known as "Shorty," knowingly possessed a firearm, namely, a Smith and Wesson, model Bodyguard 380, .380 caliber pistol, bearing serial number EAT2760, and ammunition, namely, six rounds of Blazer .380 Auto caliber ammunition, in and affecting interstate and foreign commerce.

Defendant DUARTE possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the

following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Vandalism, in violation of California Penal Code Section 594(a), in the Superior Court for the State of California, County of Los Angeles, Case Number YA086028, on or about February 6, 2013;

(2) Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number YA094449, on or about September 8, 2016;

(3) Evading a Peace Officer, in violation of California Vehicle Code Section 2800.2, in the Superior Court for the State of California, County of Los Angeles, Case Number YA094449, on or about September 8, 2016;

(4) Possession of a Controlled Substance for Sale, in violation of California Health & Safety Code Section 11351.5, in the Superior Court for the state of California, County of Los Angeles, Case Number YA093485, on or about September 8, 2016; and

(5) Evading a Peace Officer, in violation of California Vehicle Code Section 2800.2, in the Superior Court for the State of California, County of Los Angeles, Case Number YA097834, on or about February 5, 2019.

2

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offense set forth in this Indictment.

2.   If so convicted, the defendant shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has

//

//

//

//

3

1  been placed beyond the jurisdiction of the court; (d) has been

2  substantially diminished in value; or (e) has been commingled with

3  other property that cannot be divided without difficulty.

4                                    A TRUE BILL

5

6                                    _/S/_____

7                                    Foreperson

8

9  NICOLA T. HANNA
   United States Attorney

10 BRANDON D. FOX
   Assistant United States Attorney
11 Chief, Criminal Division

12

13

14 SCOTT M. GARRINGER
   Assistant United States Attorney
   Deputy Chief, Criminal Division

15

16 JOSHUA O. MAUSNER
   Assistant United States Attorney
   Acting Deputy Chief,
17 General Crimes Section

18 ALI MOGHADDAS
   Assistant United States Attorney
19 General Crimes Section

20

21

22

23

24

25

26

27

28

                                    4

ER 22

Name  Oliver P. Cleary

Address  468 N Camden Dr., #200

City, State, Zip  Beverly Hills, CA 90210

Phone  424.324.8874

Fax  same

E-Mail  olivercleary@gmail.com

☐ FPD   ☐ Appointed   ☒ CJA   ☐ Pro Per   ☐ Retained

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | CASE NUMBER: |
|---|---|
| PLAINTIFF(S), | 20-cr-00387-AB |
| v. | |
| Steven Duarte | **NOTICE OF APPEAL** |
| DEFENDANT(S). | |

NOTICE IS HEREBY GIVEN that _____ Steven Duarte _____ hereby appeals to

*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☒ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☐ Order (specify):

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on _____ 2/23/22 _____. Entered on the docket in this action on 2/28/22 _____.

A copy of said judgment or order is attached hereto.

| 3/9/22 | /s/Oliver P. Cleary |
|---|---|
| Date | Signature |
| | ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk |

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)                    **NOTICE OF APPEAL**

ER 23

**United States District Court**
**Central District of California**

**JS-3**

| | | | |
|---|---|---|---|

UNITED STATES OF AMERICA vs.          **Docket No.**    CR 20-00387-AB

**Defendant**   Steven Duarte          **Social Security No.** 3 _ 5 _ 4 _ 0

akas:   Shorty          (Last 4 digits)

| JUDGMENT AND PROBATION/COMMITMENT ORDER |
|---|

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 02 | 23 | 2022 |

| **COUNSEL** | **Oliver P Cleary, CJA Appointment** |
|---|---|
| | (Name of Counsel) |

| **PLEA** | [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea. [ ] **NOLO CONTENDERE** [ ] **NOT GUILTY** |
|---|---|

| **FINDING** | There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of: Felon in Possession of a Firearm and/or Ammunition in violation of 18 U.S.C. § 922(g)(1), as charged in Count 1 of the Indictment. |
|---|---|

| **JUDGMENT AND PROB/ COMM ORDER** | The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: **Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Steven Duarte, is hereby committed on Count 1 of the Single-Count Indictment to the custody of the Bureau of Prisons for a term of fifty-one (51) months.** |
|---|---|

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three (3) years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04.

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

3. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision.

4. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the U.S. Probation and Pretrial Services Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs. The defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

5. As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer. If the defendant has no ability to pay, no payment shall be required.

6. During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

7. When not employed or excused by the Probation Officer for schooling, training, or other acceptable reasons, the defendant shall

ER 24

USA vs.   Steven Duarte                                    Docket No.:   CR 20-00387-AB

perform 20 hours of community service per week as directed by the Probation & Pretrial Services Office.

8.  The defendant shall not associate with anyone known to the defendant to be a member of the 18th Street Gang and others known to the defendant to be participants in the 18th Street Gang's criminal activities, with the exception of the defendant's family members. The defendant may not wear, display, use or possess any gang insignias, emblems, badges, buttons, caps, hats, jackets, shoes, or any other clothing that defendant knows evidence affiliation with the 18th Street Gang, and may not display any signs or gestures that defendant knows evidence affiliation with the 18th Street Gang.

9.  As directed by the Probation Officer, the defendant shall not be present in any area known to the defendant to be a location where members of the 18th Street Gang meet or assemble.

10. The defendant shall submit the defendant's person, property, house, residence, vehicle, papers, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

11. The defendant shall cooperate in the collection of a DNA sample from the defendant.

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

The Court recommends that the defendant be considered for participation in the Bureau of Prison's Residential Drug Abuse Program (RDAP).

The Court authorizes the Probation & Pretrial Services Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

Defendant informed of his right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

February 28, 2022
Date

U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

February 28, 2022
Filed Date

By   C. Badirian
Deputy Clerk

USA vs. Steven Duarte                               Docket No.: CR 20-00387-AB

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;

9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

USA vs.   Steven Duarte                                    Docket No.:   CR 20-00387-AB

☐   The defendant must also comply with the following special conditions (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

## CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS

As directed by the Probation Officer, the defendant must provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs.  Steven Duarte                                    Docket No.:  CR 20-00387-AB

---

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____          By _____
Date                                        Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____          By _____
Filed Date                                   Deputy Clerk

---

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
              Defendant                                            Date


_____          _____
U. S. Probation Officer/Designated Witness                   Date

ER 28

WESTERN,APPEAL,CLOSED

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division – Los Angeles)
### CRIMINAL DOCKET FOR CASE #: 2:20−cr−00387−AB−1

Case title: USA v. Duarte

Date Filed: 09/01/2020

Date Terminated: 02/28/2022

Assigned to: Judge Andre Birotte
Jr

Appeals court case number:
22−50048 9th CCA

**Defendant (1)**

**Steven Duarte**
*TERMINATED: 02/28/2022*
*also known as*
Shorty
*TERMINATED: 02/28/2022*

represented by  **Brianna Fuller Mircheff**
Federal Public Defenders Office
321 East 2nd Street
Los Angeles, CA 90012−4202
213−894−4784
Fax: 213−894−0081
Email: brianna_mircheff@fd.org
*TERMINATED: 06/29/2022*
*Designation: Public Defender or Community
Defender Appointment*

**Gia Kim**
Federal Public Defenders Office
321 East 2nd Street
Los Angeles, CA 90012−4202
213−894−4408
Fax: 213−894−0081
Email: gia_kim@fd.org
*TERMINATED: 06/29/2022*
*Designation: Public Defender or Community
Defender Appointment*

**Oliver P Cleary**
Law Office of Oliver P Cleary
468 North Camden Drive Suite 200
Beverly Hills, CA 90210
424−324−8874
Email: olivercleary@gmail.com
*TERMINATED: 05/04/2022*
*Designation: CJA Appointment*

**Sonam Henderson**
Federal Public Defenders Office
321 East 2nd Street
Los Angeles, CA 90012−4202
213−894−2854
Fax: 213−894−0081
Email: sonam_henderson@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community
Defender Appointment*

**Pending Counts**

18:922(g)(1) – FELON IN
POSSESSION OF A FIREARM

**Disposition**

Defendant is committed on Count 1 of the
Single−Count Indictment to the Bureau of Prisons

AND AMMUNITION
(1)

for 51 months. Supervised release for three years. Special assessment of $100. All fines are waived.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                    **Disposition**

None

**Highest Offense Level
(Terminated)**

None

**Complaints**                          **Disposition**

None

---

**Plaintiff**

USA                           represented by   **Ali Moghaddas**
                                              AUSA – Office of US Attorney
                                              General Crimes Section
                                              312 North Spring Street 12th Floor
                                              Los Angeles, CA 90012–4700
                                              213–894–1786
                                              Fax: 213–894–0141
                                              Email: ali.moghaddas@usdoj.gov
                                              *TERMINATED: 09/10/2020*
                                              *Designation: Assistant US Attorney*

                                              **Amanda B. Elbogen**
                                              AUSA – US Attorneys Office
                                              General Crimes Section
                                              312 North Spring Street Suite 1200
                                              Los Angeles, CA 90012
                                              213–894–5748
                                              Fax: 213–894–0141
                                              Email: amanda.elbogen@usdoj.gov
                                              *TERMINATED: 02/11/2021*
                                              *Designation: Assistant US Attorney*

                                              **Juan M. Rodriguez**
                                              AUSA – Office of US Attorney
                                              General Crimes Section
                                              312 North Spring Street Suite 1200
                                              Los Angeles, CA 90012
                                              213–894–0304
                                              Fax: 213–894–0141
                                              Email: Juan.Rodriguez@usdoj.gov
                                              *ATTORNEY TO BE NOTICED*
                                              *Designation: Assistant US Attorney*

                                              **Kyle Walker Kahan**
                                              SAUSA – Office of US Attorney
                                              312 North Spring Street Suite 1200
                                              Los Angeles, CA 90012
                                              213–894–2238
                                              Fax: 213–894–0141
                                              Email: kyle.kahan@usdoj.gov
                                              *ATTORNEY TO BE NOTICED*
                                              *Designation: Assistant US Attorney*

**Rachel Nechama Agress**
AUSA – Office of US Attorney
General Crimes Section
312 North Spring Street Suite 1200
Los Angeles, CA 90012
213–894–0487
Fax: 213–894–6269
Email: rachel.agress@usdoj.gov
*TERMINATED: 07/07/2021*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/01/2020 | 1 | INDICTMENT Filed as to Steven Duarte (1) count(s) 1. Offense occurred in Los Angeles. (mrgo) (Entered: 09/03/2020) |
| 09/01/2020 | 2 | CASE SUMMARY filed by AUSA Ali Moghaddas as to Defendant Steven Duarte; defendants Year of Birth: 1992. (mrgo) (Entered: 09/03/2020) |
| 09/01/2020 | 3 | MEMORANDUM filed by Plaintiff USA (See attachment) (mrgo) (Entered: 09/03/2020) |
| 09/01/2020 | 4 | MEMORANDUM filed by Plaintiff USA (See attachment) (mrgo) (Entered: 09/03/2020) |
| 09/01/2020 | 6 | NOTICE OF REQUEST FOR DETENTION filed by Plaintiff USA as to Defendant Steven Duarte. (mrgo) (Entered: 09/03/2020) |
| 09/10/2020 | 7 | NOTICE OF APPEARANCE OR REASSIGNMENT of AUSA Amanda B. Elbogen on behalf of Plaintiff USA. Filed by Plaintiff USA. (Attorney Amanda B. Elbogen added to party USA(pty:pla))(Elbogen, Amanda) (Entered: 09/10/2020) |
| 11/13/2020 | 8 | TEXT ONLY ENTRY as to Defendant Steven Duarte. Pursuant to the Due Process Protections Act, the prosecutor is ordered to comply with his or her obligation to produce exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny and is reminded of the possible consequences of violating that law and this order, including exclusion of evidence, adverse jury instructions, dismissal of all or some charges with or without prejudice, contempt, and sanctions. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (afe) TEXT ONLY ENTRY (Entered: 11/16/2020) |
| 11/13/2020 | 9 | MINUTES OF POST–INDICTMENT ARRAIGNMENT: held before Magistrate Judge Alka Sagar as to Defendant Steven Duarte (1) Count 1. Defendant arraigned, states true name: As charged. Defendant entered not guilty plea to all counts as charged. Attorney: Oliver P. Cleary, Appointed present. Case assigned to Judge Fernando M. Olguin. Jury Trial set for 1/5/2021 08:45 AM before Judge Fernando M. Olguin. Court Reporter: Patricia Cuneo. (tba) (Entered: 11/17/2020) |
| 11/13/2020 | 12 | REPORT COMMENCING CRIMINAL ACTION as to Defendant Steven Duarte; defendants Year of Birth: 1992; date of arrest: 11/13/2020 (ja) (Entered: 11/19/2020) |
| 11/13/2020 | 13 | MINUTES OF ARREST ON INDICTMENT HEARING held before Magistrate Judge Alka Sagar as to Defendant Steven Duarte. Defendant states true name as charged. Attorney: Oliver P Cleary, Appointed, present. Court orders defendant Temporarily detained. Defendant remanded to the custody of the USM. Detention Hearing set for 11/18/2020 01:00 PM before Magistrate Judge Alka Sagar. PIA held; see separate minutes. Court Reporter: Pat Cuneo. (ja) (Entered: 11/19/2020) |
| 11/13/2020 | 14 | FINANCIAL AFFIDAVIT filed as to Defendant Steven Duarte. (Not for Public View pursuant to the E–Government Act of 2002) (ja) (Entered: 11/19/2020) |
| 11/13/2020 | 15 | ADVISEMENT OF STATUTORY & CONSTITUTIONAL RIGHTS filed by Defendant Steven Duarte. (ja) (Entered: 11/19/2020) |
| 11/13/2020 | 16 | CONSENT to Video Conference/Telephonic Conference and WAIVER of Defendants Presence filed by Defendant Steven Duarte. (ja) (Entered: 11/19/2020) |

| 11/18/2020 | 10 | CASE MANAGEMENT ORDER by Judge Fernando M. Olguin. Please read this Order carefully. It governs this case and differs in some respects from the Local Criminal Rules. A pretrial conference is scheduled for December 18, 2020, at 2:00 p.m. The trial is scheduled to begin on January 5, 2021, at 9:00 a.m. (iv) (Entered: 11/18/2020) |
|---|---|---|
| 11/19/2020 | 11 | SCHEDULING NOTICE by Magistrate Judge Alka Sagar as to Defendant Steven Duarte. Due to a calendar conflict with defense counsel, the previously scheduled detention hearing set for 11/19/2020 at 8:30 a.m. has been rescheduled to 11/23/2020 at 10:00 AM before Magistrate Judge Alka Sagar via VTC. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (afe) TEXT ONLY ENTRY (Entered: 11/19/2020) |
| 11/23/2020 | 17 | SCHEDULING NOTICE by Magistrate Judge Alka Sagar as to Defendant Steven Duarte. The Detention Jearing 11 in this matter scheduled by VTC for Monday, November 23, 2020 at 10:00 a.m. has been canceled. The hearing is rescheduled for December 1, 2020 9:00 AM before Magistrate Judge Alka Sagar. An email will be sent to the parties closer to the date to provide all necessary video and telephonic information. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (afe) TEXT ONLY ENTRY (Entered: 11/23/2020) |
| 11/24/2020 | 18 | MINUTE ORDER (IN CHAMBERS) by Magistrate Judge Alka Sagar as to Defendant Steven Duarte. The detention hearing in this matter scheduled by VTC for December 1, 2020 at 9:00 a.m. has been canceled. Parties are to contact Judge Sagar's CRD to re–schedule the hearing for a later date and time. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (afe) TEXT ONLY ENTRY (Entered: 11/24/2020) |
| 11/25/2020 | 19 | SCHEDULING NOTICE by Magistrate Judge Alka Sagar as to Defendant Steven Duarte. A Detention Hearing 18 is set for 12/17/2020 at 10:00 AM before Magistrate Judge Alka Sagar. An email will circulate closer to the date to all VTC participants, with all necessary information with video and telephonic information. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (afe) TEXT ONLY ENTRY (Entered: 11/25/2020) |
| 12/02/2020 | 20 | EX PARTE APPLICATION to Continue Trial from January 5, 2021 to June 1, 2021. *and for Speedy Trial Act Findings of Excludable Time* Filed by Plaintiff USA as to Defendant Steven Duarte. (Attachments: # 1 Declaration of Amanda Elbogen, # 2 Exhibit A, # 3 Exhibit B, # 4 Proposed Order) (Elbogen, Amanda) (Entered: 12/02/2020) |
| 12/04/2020 | 21 | ORDER GRANTING EX PARTE APPLICATION 20 CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO THE SPEEDY TRIAL ACT by Judge Fernando M. Olguin. The trial in this matter is continued from January 5, 2021 to June 1, 2021, at 8:30 a.m. The pretrial conference is continued from December 18, 2020 to May 14, 2021, at 2:00 p.m. (iv) (Entered: 12/04/2020) |
| 12/04/2020 | 22 | MINUTES (IN CHAMBERS) ORDER RE: CASE DEADLINES by Judge Fernando M. Olguin. Pursuant to the Court's Order of December 4, 2020, IT IS ORDERED THAT the schedule of dates is modified as set forth below. All other requirements set forth in the Case Management Order issued on November 18, 2020, (Dkt. 10), remain in effect. (iv) (Entered: 12/04/2020) |
| 12/17/2020 | 23 | MINUTES OF Detention Hearing held before Magistrate Judge Alka Sagar as to Defendant Steven Duarte. The Court Orders the defendant permanently detained. Court Smart: CS 12/17/2020. (ja) (Entered: 12/21/2020) |
| 12/17/2020 | 24 | ORDER OF DETENTION by Magistrate Judge Alka Sagar as to Defendant Steven Duarte (ja) (Entered: 12/21/2020) |
| 02/11/2021 | 25 | NOTICE OF APPEARANCE OR REASSIGNMENT of AUSA Rachel Nechama Agress on behalf of Plaintiff USA. Filed by Plaintiff USA. (Attorney Rachel Nechama Agress added to party USA(pty:pla))(Agress, Rachel) (Entered: 02/11/2021) |
| 04/23/2021 | 26 | NOTICE OF MOTION AND MOTION to Suppress evidence *Dismiss for Speedy Trial Act Violations, and, Motions In Limine* Filed by Defendant Steven Duarte. (Cleary, Oliver) (Entered: 04/23/2021) |

| 04/26/2021 | 27 | Second EX PARTE APPLICATION to Continue Trial Date from 6/1/2021 to 7/27/2021. *and for Speedy Trial Act Findings of Excludable Time* Filed by Plaintiff USA as to Defendant Steven Duarte. (Attachments: # 1 Proposed Order) (Agress, Rachel) (Entered: 04/26/2021) |
|---|---|---|
| 04/27/2021 | 28 | EX PARTE APPLICATION for an Order Requiring Probation Office to Prepare a Pre–Plea Report. Filed by Defendant Steven Duarte. (Attachments: # 1 Proposed Order) (Cleary, Oliver) (Entered: 04/27/2021) |
| 04/28/2021 | 29 | ORDER FOR A PRE–PLEA CRIMINAL HISTORY REPORT 28 by Judge Fernando M. Olguin. The United States Probation Office shall prepare a pre–plea pre–sentence criminal history report on an expedited basis. (iv) (Entered: 04/28/2021) |
| 04/29/2021 | 30 | ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT 27 by Judge Fernando M. Olguin. The trial in this matter is continued from June 1, 2021 to July 27, 2021. The pretrial conference is continued to July 9, 2021 at 2:00 p.m. (iv) (Entered: 04/29/2021) |
| 05/04/2021 | 31 | MINUTES (IN CHAMBERS) ORDER RE: PENDING MOTIONS 26 by Judge Fernando M. Olguin. Defendant's Motions are hereby denied without prejudice. (iv) (Entered: 05/04/2021) |
| 05/26/2021 | 32 | PRE PLEA REPORT as to Defendant Steven Duarte (mci) (Entered: 05/26/2021) |
| 06/03/2021 | 33 | EX PARTE APPLICATION to Continue (1)TRIAL DATE and (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT from JULY 27, 2021 to AUGUST 24, 2021 / AUGUST 31, 2021 / SEPTEMBER 7, 2021. Filed by Plaintiff USA as to Defendant Steven Duarte. (Attachments: # 1 Proposed Order) (Agress, Rachel) (Entered: 06/03/2021) |
| 06/03/2021 | 34 | OBJECTION to EX PARTE APPLICATION to Continue (1)TRIAL DATE and (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT from JULY 27, 2021 to AUGUST 24, 2021 / AUGUST 31, 2021 / SEPTEMBER 7, 2021. 33 , filed by Defendant Steven Duarte (Cleary, Oliver) (Entered: 06/03/2021) |
| 06/04/2021 | 35 | ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT 33 by Judge Fernando M. Olguin. The trial in this matter is continued from August 24, 2021. The pretrial conference is continued to August 6, 2021 at 2:00 p.m. (iv) (Entered: 06/04/2021) |
| 06/04/2021 | 36 | MINUTES (IN CHAMBERS) ORDER RE: CASE DEADLINES by Judge Fernando M. Olguin. Pursuant to the Court's Order of June 4, 2021, IT IS ORDERED THAT the schedule of dates is modified as set forth below. All other requirements set forth in the Case Management Order issued on November 18, 2020, (Dkt. 10), remain in effect. (iv) (Entered: 06/04/2021) |
| 07/07/2021 | 37 | NOTICE OF APPEARANCE OR REASSIGNMENT of AUSA Juan M. Rodriguez on behalf of Plaintiff USA. Filed by Plaintiff USA. (Attorney Juan M. Rodriguez added to party USA(pty:pla))(Rodriguez, Juan) (Entered: 07/07/2021) |
| 07/07/2021 | 38 | NOTICE OF APPEARANCE OR REASSIGNMENT of AUSA Kyle Walker Kahan on behalf of Plaintiff USA. Filed by Plaintiff USA. (Kahan, Kyle) (Entered: 07/07/2021) |
| 07/09/2021 | 39 | Joint STIPULATION for Order Extending Government's Supplemental Disclosure Deadline filed by Plaintiff USA as to Defendant Steven Duarte (Attachments: # 1 Proposed Order)(Kahan, Kyle) (Entered: 07/09/2021) |
| 07/14/2021 | 40 | ORDER ON STIPULATION 39 EXTENDING GOVERNMENT'S SUPPLEMENTAL DISCLOSURE DEADLINE by Judge Fernando M. Olguin. *See Order for Detais.* (iv) (Entered: 07/14/2021) |
| 07/14/2021 | 41 | JOINT STATEMENT OF THE CASE filed by Plaintiff USA as to Defendant Steven Duarte (Kahan, Kyle) (Entered: 07/14/2021) |
| 07/15/2021 | 42 | STIPULATION to Continue Response and Reply Brief Deadlines and Pretrial Conference from July 30, 2021, August 3, 2021, and August 6, 2021 to August 3, |

| | | |
|---|---|---|
| | | 2021, August 10, 2021, and August 13, 2021, respectively filed by Plaintiff USA as to Defendant Steven Duarte (Attachments: # 1 Proposed Order)(Rodriguez, Juan) (Entered: 07/15/2021) |
| 07/16/2021 | 43 | Joint STIPULATION to Continue Government Discovery Cutoff Date from July 19, 2021 to July 30, 2021 filed by Plaintiff USA as to Defendant Steven Duarte (Attachments: # 1 Proposed Order)(Kahan, Kyle) (Entered: 07/16/2021) |
| 07/16/2021 | 44 | Joint STIPULATION for Order STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIAL PERSONNEL INFORMATION OF GOVERNMENT WITNESSES filed by Plaintiff USA as to Defendant Steven Duarte (Attachments: # 1 Proposed Order)(Kahan, Kyle) (Entered: 07/16/2021) |
| 07/19/2021 | 45 | ORDER DENYING STIPULATION 43 by Judge Fernando M. Olguin. *See Order for Details.* (iv) (Entered: 07/19/2021) |
| 07/19/2021 | 46 | MINUTES (IN CHAMBERS) ORDER RE: JOINT STIPULATION 42 by Judge Fernando M. Olguin. *See Order for Details.* (iv) (Entered: 07/19/2021) |
| 07/20/2021 | 47 | PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING CONFIDENTIAL PERSONNEL INFORMATION OF GOVERNMENT WITNESSES 44 by Judge Fernando M. Olguin. *See Order for Details.* (iv) (Entered: 07/20/2021) |
| 07/21/2021 | 48 | PROPOSED JURY VERDICT filed by Plaintiff USA as to Defendant Steven Duarte (Rodriguez, Juan) (Entered: 07/21/2021) |
| 07/21/2021 | 49 | PROPOSED VOIR DIRE QUESTIONS filed by Plaintiff USA as to Defendant Steven Duarte (Rodriguez, Juan) (Entered: 07/21/2021) |
| 07/22/2021 | 50 | PROPOSED JURY INSTRUCTIONS filed by Plaintiff USA as to Defendant Steven Duarte (Rodriguez, Juan) (Entered: 07/22/2021) |
| 07/23/2021 | 51 | NOTICE OF MOTION AND MOTION in Limine to Admit Defendant's Post–Release Community Supervision Status as Inextricably Intertwined with the Charged Offense and as Evidence of Motive, Intent, and Plan Under Rule 404(b) Filed by Plaintiff USA as to Defendant Steven Duarte Motion set for hearing on 8/6/2021 at 02:00 PM before Judge Fernando M. Olguin.(Kahan, Kyle) (Entered: 07/23/2021) |
| 07/23/2021 | 52 | NOTICE OF MOTION AND MOTION in Limine to Admit Evidence of Defendant's Prior Convictions Substantively and for Impeachment Purposes Under Federal Rule of Evidence 609 Filed by Plaintiff USA as to Defendant Steven Duarte Motion set for hearing on 8/6/2021 at 02:00 PM before Judge Fernando M. Olguin.(Kahan, Kyle) (Entered: 07/23/2021) |
| 07/23/2021 | 53 | NOTICE of Manual Filing of Government's Ex Parte Application and Declaration, Proposed Order for an Order Sealing Documents, Government's Under Seal Document, and Proof of Service filed by Plaintiff USA as to Defendant Steven Duarte (Kahan, Kyle) (Entered: 07/23/2021) |
| 07/23/2021 | 54 | EXHIBIT LIST filed by Plaintiff USA as to Defendant Steven Duarte (Kahan, Kyle) (Entered: 07/23/2021) |
| 07/23/2021 | 55 | NOTICE OF MOTION AND MOTION for Release of Brady Materials Filed by Defendant Steven Duarte. Motion set for hearing on 8/6/2021 at 02:00 PM before Judge Fernando M. Olguin. (Cleary, Oliver) (Entered: 07/23/2021) |
| 07/23/2021 | 56 | NOTICE OF MOTION AND MOTION to Dismiss on Speedy Trial Violations Filed by Defendant Steven Duarte. Motion set for hearing on 8/6/2021 at 02:00 PM before Judge Fernando M. Olguin. (Cleary, Oliver) (Entered: 07/23/2021) |
| 07/23/2021 | 57 | NOTICE OF MOTION AND MOTION to Suppress DNA Filed by Defendant Steven Duarte. Motion set for hearing on 8/6/2021 at 02:00 PM before Judge Fernando M. Olguin. (Cleary, Oliver) (Entered: 07/23/2021) |
| 07/23/2021 | 58 | NOTICE OF MOTION AND MOTION to Suppress Evidence Filed by Defendant Steven Duarte. Motion set for hearing on 8/6/2021 at 02:00 PM before Judge Fernando M. Olguin. (Cleary, Oliver) (Entered: 07/23/2021) |

| 07/23/2021 | 59 | NOTICE OF MOTION AND MOTION to Suppress Statements Filed by Defendant Steven Duarte. Motion set for hearing on 8/6/2021 at 02:00 PM before Judge Fernando M. Olguin. (Cleary, Oliver) (Entered: 07/23/2021) |
|---|---|---|
| 07/23/2021 | 60 | PROPOSED JURY INSTRUCTIONS filed by Defendant Steven Duarte (Cleary, Oliver) (Entered: 07/23/2021) |
| 07/23/2021 | 61 | PROPOSED VOIR DIRE QUESTIONS filed by Defendant Steven Duarte (Cleary, Oliver) (Entered: 07/23/2021) |
| 07/23/2021 | 62 | NOTICE OF MOTION AND MOTION in Limine to Exclude Prior Bad Acts Filed by Defendant Steven Duarte Motion set for hearing on 8/6/2021 at 02:00 PM before Judge Fernando M. Olguin.(Cleary, Oliver) (Entered: 07/23/2021) |
| 07/26/2021 | 63 | SEALED – GOVERNMENT'S EX PARTE APPLICATION FOR ORDER SEALING DOCUMENTS; DECLARATION OF KYLE W. KAHAN (bm) (Entered: 07/26/2021) |
| 07/26/2021 | 64 | SEALED – ORDER SEALING DOCUMENTS (bm) (Entered: 07/26/2021) |
| 07/26/2021 | 65 | SEALED – GOVERNMENT'S MOTION IN LIMINE NO. 3 TO EXCLUDE INADMISSABLE IMPEACHMENT INFORMATION REGARDING GOVERNMENT WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES (bm) (Entered: 07/26/2021) |
| 07/27/2021 | 66 | EX PARTE APPLICATION to Continue Trial from August 24, 2021 to August 31, 2021. Filed by Plaintiff USA as to Defendant Steven Duarte. (Attachments: # 1 Declaration, # 2 Proposed Order) (Rodriguez, Juan) (Entered: 07/27/2021) |
| 07/27/2021 | 67 | OPPOSITION to EX PARTE APPLICATION to Continue Trial from August 24, 2021 to August 31, 2021. 66 filed by Defendant Steven Duarte. (Cleary, Oliver) (Entered: 07/27/2021) |
| 07/28/2021 | 68 | MINUTES (IN CHAMBERS) ORDER RE: FURTHER PROCEEDINGS by Judge Fernando M. Olguin. The Pretrial Conference previously scheduled for August 6, 2021, is continued to August 13, 2021, at 2:00 p.m. (iv) (Entered: 07/28/2021) |
| 07/28/2021 | 69 | ORDER RE CONTINUING THE TRIAL DATE OR, IN THE ALTERNATIVE, TRANSFERRING THE CASE FOR TRIAL 66 by Judge Fernando M. Olguin. DENIED BY ORDER OF THE COURT. (iv) (Entered: 07/28/2021) |
| 07/30/2021 | 70 | OPPOSITION to MOTION in Limine to Exclude Prior Bad Acts 62 (Attachments: # 1 Exhibit July 16, 2021 Disclosure, # 2 Exhibit July 20, 2021 Supplemental Disclosure)(Kahan, Kyle) (Entered: 07/30/2021) |
| 07/30/2021 | 71 | OPPOSITION to NOTICE OF MOTION AND MOTION to Dismiss on Speedy Trial Violations 56 (Kahan, Kyle) (Entered: 07/30/2021) |
| 07/30/2021 | 72 | OPPOSITION to NOTICE OF MOTION AND MOTION to Suppress DNA 57 (Attachments: # 1 Declaration Declaration of Jose Barragan, # 2 Exhibit Miranda Form, # 3 Exhibit Search Warrant and Affidavit)(Kahan, Kyle) (Entered: 07/30/2021) |
| 07/30/2021 | 73 | REPLY NOTICE OF MOTION AND MOTION to Suppress Statements 59 (Kahan, Kyle) (Entered: 07/30/2021) |
| 07/30/2021 | 74 | DECLARATION of Kyle W. Kahan filed by Plaintiff USA as to Defendant Steven Duarte *Declaration Pursuant to Case Management Order and Order Re: Case Deadlines* (Kahan, Kyle) (Entered: 07/30/2021) |
| 07/30/2021 | 75 | NOTICE of Errata filed by Plaintiff USA as to Defendant Steven Duarte RE: Reply (Motion Related)(CR) 73 . (Kahan, Kyle) (Entered: 07/30/2021) |
| 07/30/2021 | 76 | REPLY NOTICE OF MOTION AND MOTION to Suppress Statements 59 (Kahan, Kyle) (Entered: 07/30/2021) |
| 07/30/2021 | 77 | OPPOSITION to NOTICE OF MOTION AND MOTION to Suppress Evidence 58 (Attachments: # 1 Declaration Tyler Villicana, # 2 Declaration Nicolas Bobbs)(Rodriguez, Juan) (Entered: 07/30/2021) |
| 07/30/2021 | 78 | REPLY NOTICE OF MOTION AND MOTION for Release of Brady Materials 55 (Rodriguez, Juan) (Entered: 07/30/2021) |

| 07/30/2021 | 79 | TRIAL MEMORANDUM filed by Plaintiff USA as to Defendant Steven Duarte (Rodriguez, Juan) (Entered: 07/30/2021) |
|---|---|---|
| 07/30/2021 | 81 | REPLY opposition MOTION in Limine to Admit Defendant's Post–Release Community Supervision Status as Inextricably Intertwined with the Charged Offense and as Evidence of Motive, Intent, and Plan Under Rule 404(b) 51 filed by Defendant Steven Duarte. (Cleary, Oliver) (Entered: 07/30/2021) |
| 07/30/2021 | 82 | REPLY opposition MOTION in Limine to Admit Evidence of Defendant's Prior Convictions Substantively and for Impeachment Purposes Under Federal Rule of Evidence 609 52 filed by Defendant Steven Duarte. (Cleary, Oliver) (Entered: 07/30/2021) |
| 08/02/2021 | 83 | NOTICE of Errata filed by Defendant Steven Duarte RE: Opposition to Motion (CR) 80 . *In Limine # 3* (Cleary, Oliver) (Entered: 08/02/2021) |
| 08/03/2021 | 84 | NOTICE of Manual Filing of Response in Opposition filed by Defendant Steven Duarte (Cleary, Oliver) (Entered: 08/03/2021) |
| 08/03/2021 | 85 | REPLY in support of MOTION in Limine to Admit Defendant's Post–Release Community Supervision Status as Inextricably Intertwined with the Charged Offense and as Evidence of Motive, Intent, and Plan Under Rule 404(b) 51 (Kahan, Kyle) (Entered: 08/03/2021) |
| 08/03/2021 | 86 | NOTICE of Manual Filing of Under Seal Documents filed by Plaintiff USA as to Defendant Steven Duarte (Kahan, Kyle) (Entered: 08/03/2021) |
| 08/03/2021 | 87 | REPLY in support of MOTION in Limine to Admit Evidence of Defendant's Prior Convictions Substantively and for Impeachment Purposes Under Federal Rule of Evidence 609 52 (Rodriguez, Juan) (Entered: 08/03/2021) |
| 08/03/2021 | 88 | REPLY in support of NOTICE OF MOTION AND MOTION to Suppress Evidence 58 filed by Defendant Steven Duarte. (Cleary, Oliver) (Entered: 08/03/2021) |
| 08/03/2021 | 89 | REPLY in support of NOTICE OF MOTION AND MOTION for Release of Brady Materials 55 filed by Defendant Steven Duarte. (Cleary, Oliver) (Entered: 08/03/2021) |
| 08/03/2021 | 90 | REPLY in support of NOTICE OF MOTION AND MOTION to Suppress DNA 57 filed by Defendant Steven Duarte. (Cleary, Oliver) (Entered: 08/03/2021) |
| 08/05/2021 | 93 | SEALED DEFENDANT'S UNOPPOSED EX PARTE UNDER SEAL APPLICATION TO FILE DOCUMENTS UNDER SEAL (lom) (Entered: 08/09/2021) |
| 08/05/2021 | 94 | SEALED ORDER SEALING DOCUMENTS (lom) (Entered: 08/09/2021) |
| 08/05/2021 | 95 | SEALED Response In Opposition to Government's Motion in Limine #3 to Exclude Impeachment Evidence. (lom) (Entered: 08/09/2021) |
| 08/05/2021 | 96 | SEALED GOVERNMENTS EX PARTE APPLICATION FOR ORDER SEALING DOCUMENTS; DECLARATION OFKYLE W. KAHAN. (lom) (Entered: 08/09/2021) |
| 08/05/2021 | 97 | SEALED ORDER SEALING DOCUMENTS (lom) (Entered: 08/09/2021) |
| 08/05/2021 | 98 | SEALED GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO EXCLUDE INADMISSIBLE IMPEACHMENT EVIDENCE REGARDING GOVERNMENT WITNESSES RE: GOVERNMENT'S MOTION IN LIMINE NO. 3. (lom) (Entered: 08/09/2021) |
| 08/09/2021 | 92 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Opposition 91 . The following error(s) was/were found: Incorrect event selected. Correct event to be used is: Criminal Events – Motions and Related Filings – Responses/Replies/Other Motion Related Documents – Opposition to Motion. Clerk has terminated the event created by the Opposition. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (iv) (Entered: 08/09/2021) |

| | | |
|---|---|---|
| 08/10/2021 | 99 | DECLARATION of filed by Defendant Steven Duarte RE: NOTICE OF MOTION AND MOTION to Suppress DNA 57 (Cleary, Oliver) (Entered: 08/10/2021) |
| 08/10/2021 | 100 | DECLARATION of filed by Defendant Steven Duarte RE: NOTICE OF MOTION AND MOTION to Suppress Evidence 58 (Cleary, Oliver) (Entered: 08/10/2021) |
| 08/11/2021 | 101 | MINUTES OF (In Chambers) Order Re: Further Proceedings by Judge Fernando M. Olguin as to Defendant Steven Duarte. On the court's own motion, IT IS ORDERED THAT the Pretrial Conference previously scheduled for August 13, 2021, is continued to August 18, 2021, at 10:00 a.m. See minute order for details. (lom) (Entered: 08/11/2021) |
| 08/16/2021 | 102 | ORDER TRANSFERRING CRIMINAL ACTION pursuant to General Order 21–01. ORDER case, as to Defendant Steven Duarte, transferred from Judge Fernando M. Olguin to the calendar of Judge Andre Birotte Jr for all further proceedings. The case number will now reflect the initials of the transferee Judge 2:20–cr–00387 AB. Signed by Judge Fernando M. Olguin. Accepted by Judge Andre Birotte, Jr. (esa) (Entered: 08/16/2021) |
| 08/16/2021 | 103 | (IN CHAMBERS) ORDER CONTINUING PRETRIAL CONFERENCE AND HEARING REGARDING MOTIONS (Dkt. Nos. 51–52, 55–59, and 62] by Judge Andre Birotte Jr. as to Defendant Steven Duarte. The Pretrial Conference and hearing regarding these motions is CONTINUED from August 18, 2021 to August 19, 2021 at 11:00 AM before Judge Andre Birotte Jr. The hearing will be held via video–Zoom. IT IS SO ORDERED.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cb) TEXT ONLY ENTRY (Entered: 08/16/2021) |
| 08/16/2021 | 104 | (IN CHAMBERS) ORDER by Judge Andre Birotte Jr. as to Defendant Steven Duarte. The Pretrial Conference and hearing re Motions (Dkt. Nos. 51–52, 55–59, 62, and 65) will be held in–person on August 19, 2021 at 11:00 a.m. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cb) TEXT ONLY ENTRY (Entered: 08/16/2021) |
| 08/18/2021 | 105 | NOTICE OF MOTION AND MOTION in Limine Requesting Daubert/Kumho Tire Hearing Filed by Defendant Steven Duarte Motion set for hearing on 8/19/2021 at 11:00 AM before Judge Andre Birotte Jr.(Cleary, Oliver) (Entered: 08/18/2021) |
| 08/18/2021 | 106 | OPPOSITION to MOTION in Limine Requesting Daubert/Kumho Tire Hearing 105 (Attachments: # 1 Exhibit)(Kahan, Kyle) (Entered: 08/18/2021) |
| 08/19/2021 | 107 | MINUTES OF STATUS CONFERENCE; Proceedings: GOVERNMENT'S MOTION IN LIMINE: NO. 1 TO ADMIT DEFENDANT'S POST–RELEASE COMMUNITY SUPERVISION STATUS AS INEXTRICABLY INTERTWINED WITH THE CHARGED OFFENSE AND AS EVIDENCE OF MOTIVE, INTENT, AND PLAN UNDER RULE 404(B) 51 ; NO. 2 TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS SUBSTANTIVELY AND FOR IMPEACHMENT PURPOSES UNDER FEDERAL RULE OF EVIDENCE 609 52 ; NO. 3 TO EXCLUDE INADMISSIBLE IMPEACHMENT INFORMATION REGARDING GOVERNMENT WITNESSES 65 (Under Seal); DEFENDANT'S MOTION FOR RELEASE OF BRADY MATERIALS 55 ; DEFENDANT'S MOTION TO DISMISS ON SPEEDY TRIAL VIOLATIONS 56 ; DEFENDANT'S MOTION TO SUPPRESS DNA 57 ; DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED AFTER ILLEGAL TRAFFIC STOP 58 ; DEFENDANT'S MOTION TO SUPPRESS STATEMENTS 59 ; DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PRIOR BAD ACTS 62 ; DEFENDANT'S MOTION IN LIMINE REQUESTING DAUBERT/KUMHO TIRE HEARING 105 (Held and Completed) before Judge Andre Birotte Jr as to Defendant Steven Duarte. The Court for reasons stated on the record, hereby rules on the motions as follows: GOVERNMENT'S MOTION IN LIMINE NO. 1 TO ADMIT DEFENDANT'S POST–RELEASE COMMUNITY SUPERVISION STATUS AS INEXTRICABLY INTERTWINED WITH THE CHARGED OFFENSE AND AS EVIDENCE OF MOTIVE, INTENT, AND PLAN UNDER RULE 404(B) 51 – GRANTED. DEFENDANT'S MOTION TO SUPPRESS DNA 57 – DENIED. GOVERNMENT'S MOTION IN LIMINE NO. 2 TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS SUBSTANTIVELY AND FOR IMPEACHMENT PURPOSES UNDER FEDERAL RULE OF EVIDENCE 609 52 GRANTED IN PART AND DENIED IN PART. DEFENDANT'S MOTION FOR RELEASE OF BRADY MATERIALS 55 – DENIED. DEFENDANT'S MOTION TO |

| | | |
|---|---|---|
| | | DISMISS ON SPEEDY TRIAL VIOLATIONS <u>56</u> – DENIED. DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED AFTER ILLEGAL TRAFFIC STOP <u>58</u> – DENIED. DEFENDANT'S MOTION TO SUPPRESS STATEMENTS <u>59</u> DENIED AS MOOT. GOVERNMENT'S MOTION IN LIMINE NO. 3 TO EXCLUDE INADMISSIBLE IMPEACHMENT INFORMATION REGARDING GOVERNMENT WITNESSES <u>65</u> – GRANTED IN PART AND DENIED IN PART. DEFENDANT'S MOTION IN LIMINE REQUESTING DAUBERT/KUMHO TIRE HEARING <u>105</u> DENIED. DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PRIOR BAD ACTS <u>62</u> DEFERRED. For the reasons stated on the record, the Court ORDERS portions of the transcript, sealed. The Court recommends to the USM that the Defendant be housed at MDC given his upcoming trial date on Tuesday, August 24, 2021. Court Reporter: Miriam Baird. (lom) (Entered: 08/19/2021) |
| 08/24/2021 | <u>108</u> | EXHIBIT LIST filed by Plaintiff USA as to Defendant Steven Duarte (Kahan, Kyle) (Entered: 08/24/2021) |
| 08/24/2021 | <u>109</u> | EXHIBIT LIST filed by Plaintiff USA as to Defendant Steven Duarte (Kahan, Kyle) (Entered: 08/24/2021) |
| 08/24/2021 | <u>110</u> | TRIAL STIPULATION filed by Plaintiff USA as to Defendant Steven Duarte *Regarding Felon Status and Knowledge of Felon Status* (Rodriguez, Juan) (Entered: 08/24/2021) |
| 08/24/2021 | <u>111</u> | MINUTES OF JURY TRIAL – BEGUN (Jury Impanelment) – 1st Day held before Judge Andre Birotte Jr.: Jury selection begun as to Defendant Steven Duarte (1) on Count 1. Jury impaneled and sworn. Jury Trial continued to 8/25/2021 08:45 AM before Judge Andre Birotte Jr. Court Reporter: Chia Mei Jui (a.m.)/Terri Hourigan (p.m.). (gk) (Entered: 08/25/2021) |
| 08/25/2021 | <u>112</u> | MINUTES OF Jury Trial – 2nd Day held before Judge Andre Birotte Jr. as to Defendant Steven Duarte. Opening statements made. Witnesses called, sworn and testified. Exhibits identified and admitted. Government rests. Court instructs jury. The Court instructs the jury with the Opening Jury Instructions. Jury Trial continued to 8/26/2021 08:30 AM before Judge Andre Birotte Jr. Court Reporter: Chia Mei Jui (a.m.)/Terri Hourigan (p.m.). (gk) (Entered: 08/26/2021) |
| 08/25/2021 | <u>113</u> | Opening Jury Instructions (Given) by Judge Andre Birotte Jr. as to Defendant Steven Duarte. (gk) (Entered: 08/26/2021) |
| 08/26/2021 | <u>114</u> | MINUTES OF Jury Trial – 3rd Day held before Judge Andre Birotte Jr. as to Defendant Steven Duarte. Defendant(s) Steven Duarte rests. Closing arguments made. Court instructs jury. Bailiff sworn. Clerk reviewed admitted exhibits with counsel to be submitted to the Jury/Court for deliberations/findings. Alternates excused. Jury Verdict as follows: Steven Duarte (1) Guilty on Count 1. Polling waived. Filed Witness & Exhibit lists. Filed Jury notes. Filed Jury Instructions. Filed Jury Verdict. Defendant referred to Probation Office for Investigation and Report. Sentencing set for 12/17/2021 01:30 PM before Judge Andre Birotte Jr. Court Reporter: Chia Mei Jui. (gk) (Entered: 08/27/2021) |
| 08/26/2021 | <u>115</u> | LIST OF EXHIBITS AND WITNESSES at trial as to Steven Duarte. (gk) (Entered: 08/27/2021) |
| 08/26/2021 | <u>116</u> | RECEIPT FOR RELEASE OF EXHIBITS to Counsel Upon Verdict/Judgment at Trial; as to Defendant Steven Duarte. Pursuant to stipulation of counsel and/or by Order of the Court, all exhibits listed on the joint exhibits list are returned to counsel for respective party(ies). (gk) (Entered: 08/30/2021) |
| 08/26/2021 | <u>117</u> | Closing Jury Instructions (Given) by Judge Andre Birotte Jr. as to Defendant Steven Duarte. (gk) (Entered: 08/30/2021) |
| 08/26/2021 | <u>118</u> | REDACTED Jury Note Number 1 as to Steven Duarte. (gk) (Entered: 08/30/2021) |
| 08/26/2021 | <u>119</u> | SEALED UNREDACTED Jury Note Number 1 as to Steven Duarte re: Redacted Jury Notes <u>118</u> . (gk) (Entered: 08/30/2021) |
| 08/26/2021 | <u>120</u> | REDACTED VERDICT FORM as to Steven Duarte. (gk) (Entered: 08/30/2021) |

| 08/26/2021 | 121 | SEALED UNREDACTED VERDICT FORM as to Steven Duarte re: Redacted Verdict Form 120 . (gk) (Entered: 08/30/2021) |
|---|---|---|
| 11/23/2021 | 122 | DISCLOSED RECOMMENDATION LETTER as to Defendant Steven Duarte (eza) (Entered: 11/23/2021) |
| 11/23/2021 | 123 | PRESENTENCE REPORT as to Defendant Steven Duarte (eza) (Entered: 11/23/2021) |
| 11/29/2021 | 124 | (IN CHAMBERS) ORDER ADVANCING SENTENCING HEARING TIME by Judge Andre Birotte Jr as to Defendant Steven Duarte. The Sentencing hearing time is ADVANCED from 1:30 p.m. to 1:00 p.m. on December 17, 2021 before Judge Andre Birotte Jr. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cb) TEXT ONLY ENTRY (Entered: 11/29/2021) |
| 12/01/2021 | 125 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT filed by Defendant Steven Duarte (Cleary, Oliver) (Entered: 12/01/2021) |
| 12/03/2021 | 126 | SENTENCING MEMORANDUM filed by Plaintiff USA as to Defendant Steven Duarte (Rodriguez, Juan) (Entered: 12/03/2021) |
| 12/06/2021 | 127 | NOTICE of Manual Filing of Exhibit #1 in Support of Sentencing filed by Defendant Steven Duarte (Cleary, Oliver) (Entered: 12/06/2021) |
| 12/13/2021 | 128 | REVISED PRESENTENCE REPORT as to Defendant Steven Duarte (mci) (Entered: 12/13/2021) |
| 12/13/2021 | 129 | FIRST ADDENDUM to Presentence Report 128 as to Defendant Steven Duarte (mci) (Entered: 12/13/2021) |
| 12/13/2021 | 130 | First STIPULATION to Continue Sentencing Hearing from December 17, 2021 to January 27, 2022 filed by Plaintiff USA as to Defendant Steven Duarte (Attachments: # 1 Proposed Order)(Kahan, Kyle) (Entered: 12/13/2021) |
| 12/14/2021 | 131 | ORDER CONTINUING SENTENCING HEARING by Judge Andre Birotte Jr. as to Defendant Steven Duarte. Sentencing is continued to 1/28/2022 01:00 PM before Judge Andre Birotte Jr. (gk) Modified on 12/15/2021 (gk). (Entered: 12/15/2021) |
| 12/29/2021 | 132 | SEALED – DEFENDANT'S UNOPPOSED EX PARTE APPLICATION TO FILE DOCUMENTS UNDER SEAL (bm) (Entered: 01/03/2022) |
| 01/03/2022 | 133 | SEALED – ORDER SEALING DOCUMENTS (bm) (Entered: 01/03/2022) |
| 01/03/2022 | 134 | SEALED – DEFENDANT'S EXHIBIT No. 1 UNDER SEAL (bm) (Entered: 01/03/2022) |
| 01/04/2022 | 135 | POSITION WITH RESPECT TO SENTENCING FACTORS filed by Defendant Steven Duarte (Cleary, Oliver) (Entered: 01/04/2022) |
| 01/04/2022 | 136 | SENTENCING LETTER filed by Defendant Steven Duarte *Exhibit 2, Letters in Support* (Cleary, Oliver) (Entered: 01/04/2022) |
| 01/04/2022 | 137 | SENTENCING LETTER filed by Defendant Steven Duarte *Exhibit 2* (Attachments: # 1 Letter)(Cleary, Oliver) (Entered: 01/04/2022) |
| 01/04/2022 | 138 | NOTICE of Errata filed by Defendant Steven Duarte RE: Letter re Sentencing 136 . (Cleary, Oliver) (Entered: 01/04/2022) |
| 01/26/2022 | 139 | SUPPLEMENTAL INFORMATION filed by Defendant Steven Duarte *Documents in support of sentencing* (Cleary, Oliver) (Entered: 01/26/2022) |
| 01/26/2022 | 140 | STIPULATION for Order Setting Forth Factual Findings Pursuant to the CARES Act filed by Plaintiff USA as to Defendant Steven Duarte (Attachments: # 1 Proposed Order)(Kahan, Kyle) (Entered: 01/26/2022) |
| 01/28/2022 | 141 | MINUTES OF Status Conference Re Sentencing held before Judge Andre Birotte Jr. as to Defendant Steven Duarte. The defendant consents to proceeding by phone for a status conference. Court and counsel confer. For the reasons stated on the record, the Sentencing hearing is CONTINUED to 2/23/2022 01:00 PM before Judge Andre Birotte Jr. The defendant is questioned and agrees with the continuance. Court Reporter: Chia Mei Jui. (gk) (Entered: 01/28/2022) |

| | | |
|---|---|---|
| 01/31/2022 | 142 | ORDER SETTING FORTH FACTUAL FINDINGS PURSUANT TO THE CARES ACT by Judge Andre Birotte Jr. as to Defendant Steven Duarte. Upon Stipulation 140 , based on the findings in this order, and the Court's authority under Section 15002(b) of the CARES Act, the sentencing hearing in this case will be conducted on 1/28/2022 at 1:00 PM by video teleconference, or by telephone if video teleconference is not reasonably available. At the outset of the hearing, defendant must make a knowing and voluntary waiver of his right to an in–person hearing in order to proceed via video teleconference or telephonically. (gk) (Entered: 02/01/2022) |
| 02/23/2022 | 143 | MINUTES OF SENTENCING Hearing held before Judge Andre Birotte Jr. as to Defendant Steven Duarte (1). Defendant consents to proceeding by video. Refer to separate Judgment Order. Defendant informed of right to appeal. Court Reporter: Chia Mei Jui. (gk) (Entered: 02/28/2022) |
| 02/28/2022 | 144 | JUDGMENT AND COMMITMENT by Judge Andre Birotte Jr. as to Defendant Steven Duarte (1), Count(s) 1, Defendant is committed on Count 1 of the Single–Count Indictment to the Bureau of Prisons for 51 months. Supervised release for three years. Special assessment of $100. All fines are waived. Defendant advised of right of appeal. See Judgment for further details. (gk) (Entered: 02/28/2022) |
| 03/09/2022 | 146 | NOTICE OF APPEAL to Appellate Court filed by Defendant Steven Duarte. Filing fee WAIVED. (Cleary, Oliver) (Entered: 03/09/2022) |
| 03/10/2022 | 147 | NOTIFICATION by Circuit Court of Appellate Docket Number 22–50048 as to Defendant Steven Duarte, 9th CCA regarding Notice of Appeal to USCA – Final Judgment 146 . (car) (Entered: 03/10/2022) |
| 04/15/2022 | 148 | ORDER of USCA filed as to Defendant Steven Duarte, CCA #22–50048. The motion of appellant's appointed counsel, Oliver P. Cleary, Esq., to withdraw as counsel of record and to appoint new counsel (Docket Entry No. 3) is granted. Counsel will be appointed by separate order. The Clerk will electronically serve this order on the appointing authority for the Central District of California, who will locate appointed counsel. (mat) (Entered: 04/15/2022) |
| 05/04/2022 | 149 | NOTICE OF APPEARANCE OR REASSIGNMENT of Deputy Public Defender Gia Kim on behalf of Defendant Steven Duarte. Filed by Defendant Steven Duarte. (Attorney Gia Kim added to party Steven Duarte(pty:dft))(Kim, Gia) (Entered: 05/04/2022) |
| 05/13/2022 | 150 | TRANSCRIPT ORDER re: Court of Appeals case number 22–50048, as to Defendant Steven Duarte for Court Reporter. Order for: Criminal Appeal. (Attachments: # 1 Public Voucher)(Kim, Gia) (Entered: 05/13/2022) |
| 05/13/2022 | 151 | TRANSCRIPT ORDER re: Court of Appeals case number 22–50048, as to Defendant Steven Duarte for Court Reporter. Order for: Criminal Appeal. (Attachments: # 1 Public Voucher)(Kim, Gia) (Entered: 05/13/2022) |
| 05/13/2022 | 152 | TRANSCRIPT ORDER re: Court of Appeals case number 22–50048, as to Defendant Steven Duarte for Court Reporter. Order for: Criminal Appeal. (Attachments: # 1 Public Voucher)(Kim, Gia) (Entered: 05/13/2022) |
| 05/13/2022 | 153 | DESIGNATION OF RECORD ON APPEAL filed by Defendant Steven Duarte re Notice of Appeal to USCA – Final Judgment 146 (Kim, Gia) (Entered: 05/13/2022) |
| 05/16/2022 | 154 | EX PARTE APPLICATION for Disclosure of Sealed Portion of the Transcript of Proceedings for August 19, 2021 Filed by Defendant Steven Duarte. (Attachments: # 1 Proposed Order) (Kim, Gia) (Entered: 05/16/2022) |
| 05/18/2022 | 155 | ORDER ON DEFENDANT STEVEN DUARTE'S UNOPPOSED EX PARTE APPLICATION TO DISCLOSE TRANSCRIPTS FOR PURPOSES OF APPEAL by Judge Andre Birotte Jr. as to Defendant Steven Duarte. Upon Defendant's Ex Parte Application 154 , it is hereby ordered that the court reporter shall prepare and disclose to defense counsel the transcripts for the sealed proceedings on 8/19/2021, exclusively for purposes of appeal. The transcripts shall remain sealed for all other purposes without further order of the Court. (gk) (Entered: 05/18/2022) |
| 05/20/2022 | 156 | EX PARTE APPLICATION for Disclosure OF SEALED PLEADINGS FOR PURPOSES OF APPEAL Filed by Defendant Steven Duarte. (Attachments: # 1 |

| | | Proposed Order) (Kim, Gia) (Entered: 05/20/2022) |
|---|---|---|
| 05/24/2022 | 157 | ORDER ON DEFENDANT STEVEN DUARTE'S UNOPPOSED EX PARTE APPLICATION TO DISCLOSE SEALED PLEADINGS FOR PURPOSES OF APPEAL by Judge Andre Birotte Jr. as to Defendant Steven Duarte. Upon Defendant's Ex Parte Application 156 , it is hereby ordered that Docket Nos. 63, 64, 65, 93, 94, 95, 96, 97, and 98 be unsealed and disclosed to defense counsel exclusively for purposes of appeal. Defense counsel shall seek to file these materials under seal in the event they are submitted to the Ninth Circuit Court of Appeals in the excerpts of record. These materials shall remain sealed for all other purposes without further order of the Court. (gk) (Entered: 05/25/2022) |
| 06/14/2022 | 158 | TRANSCRIPT filed as to Defendant Steven Duarte for proceedings held on 8/25/2021 12:30 p.m.. Court Reporter/Electronic Court Recorder: Terri Hourigan, phone number hourigan.terri@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/5/2022. Redacted Transcript Deadline set for 7/15/2022. Release of Transcript Restriction set for 9/12/2022.(Hourigan, Terri) (Entered: 06/14/2022) |
| 06/14/2022 | 159 | NOTICE OF FILING TRANSCRIPT filed as to Defendant Steven Duarte for proceedings 8/24/2021; 8/25/2021 re Transcript 158 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Hourigan, Terri) TEXT ONLY ENTRY (Entered: 06/14/2022) |
| 06/14/2022 | 160 | TRANSCRIPT filed as to Defendant Steven Duarte for proceedings held on 8/24/2021 1:00 p.m.. Court Reporter/Electronic Court Recorder: Terri Hourigan, phone number hourigan.terri@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/5/2022. Redacted Transcript Deadline set for 7/15/2022. Release of Transcript Restriction set for 9/12/2022.(Hourigan, Terri) (Entered: 06/14/2022) |
| 06/15/2022 | 161 | NOTICE OF CLERICAL ERROR, as to Defendant Steven Duarte: Due to clerical error Re: Transcript (CR),, 158 (Hourigan, Terri) (Entered: 06/15/2022) |
| 06/15/2022 | 162 | TRANSCRIPT filed as to Defendant Steven Duarte for proceedings held on 8/25/2021 12:30 p.m.. Court Reporter/Electronic Court Recorder: Terri Hourigan, phone number hourigan.terri@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/6/2022. Redacted Transcript Deadline set for 7/18/2022. Release of Transcript Restriction set for 9/13/2022.(Hourigan, Terri) (Entered: 06/15/2022) |
| 06/15/2022 | 163 | NOTICE OF FILING TRANSCRIPT filed as to Defendant Steven Duarte for proceedings 8/24/2021, 8/25/2021 re Transcript 162 , 160 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Hourigan, Terri) TEXT ONLY ENTRY (Entered: 06/15/2022) |
| 06/21/2022 | 164 | TRANSCRIPT filed as to Defendant Steven Duarte for proceedings held on 8/19/21. Court Reporter/Electronic Court Recorder: Miriam V. Baird, phone number mvb11893@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/12/2022. Redacted Transcript Deadline set for 7/22/2022. Release of Transcript Restriction set for 9/19/2022.(Baird, Miriam) (Entered: 06/21/2022) |
| 06/21/2022 | 165 | NOTICE OF FILING TRANSCRIPT filed as to Defendant Steven Duarte for proceedings 8/19/21 re Transcript 164 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Baird, Miriam) TEXT ONLY ENTRY (Entered: 06/21/2022) |

| 06/29/2022 | 167 | NOTICE OF APPEARANCE OR REASSIGNMENT of Deputy Public Defender Sonam Henderson on behalf of Defendant Steven Duarte. Filed by Defendant Steven Duarte. (Attorney Sonam Henderson added to party Steven Duarte(pty:dft))(Henderson, Sonam) (Entered: 06/29/2022) |
|---|---|---|
| 07/07/2022 | 168 | TRANSCRIPT filed as to Defendant Steven Duarte for proceedings held on 8/24/21, 9:45 A.M. Court Reporter/Electronic Court Recorder: Chia Mei Jui, cmjui.csr@gmail.com, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/28/2022. Redacted Transcript Deadline set for 8/8/2022. Release of Transcript Restriction set for 10/5/2022.(Jui, Chia) (Entered: 07/07/2022) |
| 07/07/2022 | 169 | TRANSCRIPT filed as to Defendant Steven Duarte for proceedings held on 8/25/21, 9:11 A.M. Court Reporter/Electronic Court Recorder: Chia Mei Jui, cmjui.csr@gmail.com, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/28/2022. Redacted Transcript Deadline set for 8/8/2022. Release of Transcript Restriction set for 10/5/2022.(Jui, Chia) (Entered: 07/07/2022) |
| 07/07/2022 | 170 | TRANSCRIPT filed as to Defendant Steven Duarte for proceedings held on 8/26/21, 8:57 A.M. Court Reporter/Electronic Court Recorder: Chia Mei Jui, cmjui.csr@gmail.com, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/28/2022. Redacted Transcript Deadline set for 8/8/2022. Release of Transcript Restriction set for 10/5/2022.(Jui, Chia) (Entered: 07/07/2022) |
| 07/07/2022 | 171 | TRANSCRIPT filed as to Defendant Steven Duarte for proceedings held on 1/28/22, 1:22 P.M. Court Reporter/Electronic Court Recorder: Chia Mei Jui, cmjui.csr@gmail.com, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/28/2022. Redacted Transcript Deadline set for 8/8/2022. Release of Transcript Restriction set for 10/5/2022.(Jui, Chia) (Entered: 07/07/2022) |
| 07/07/2022 | 172 | TRANSCRIPT filed as to Defendant Steven Duarte for proceedings held on 2/23/22, 1:04 P.M. Court Reporter/Electronic Court Recorder: Chia Mei Jui, cmjui.csr@gmail.com, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/28/2022. Redacted Transcript Deadline set for 8/8/2022. Release of Transcript Restriction set for 10/5/2022.(Jui, Chia) (Entered: 07/07/2022) |
| 07/07/2022 | 173 | NOTICE OF FILING TRANSCRIPT filed as to Defendant Steven Duarte for proceedings 8/24/21, 9:45 A.M.; 8/25/21, 9:11 A.M.; 8/26/21, 8:57 A.M.; 1/28/22, 1:22 P.M.; 2/23/22, 1:04 P.M re Transcript 168 , 172 , 170 , 171 , 169 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Jui, Chia) TEXT ONLY ENTRY (Entered: 07/07/2022) |