CA NO. 22-50048

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>    v.<br><br>STEVEN DUARTE,<br><br>    Defendant-Appellant. | DC NO. 2:20-cr-00387-AB-1 |

**UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S REPLY BRIEF**

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

HONORABLE ANDRE BIROTTE, JR.
United States District Judge

CUAUHTEMOC ORTEGA
Federal Public Defender
SONAM HENDERSON
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081
Email: Sonam_Henderson@fd.org

Attorneys for Defendant-Appellant

CA NO. 22-50048

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | DC NO. 2:20-cr-00387-AB-1 |
| Plaintiff-Appellee, | |
| v. | |
| STEVEN DUARTE, | |
| Defendant-Appellant. | |

**UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S REPLY BRIEF**

Appellant Steven Duarte respectfully requests a one-week extension of time, to and including Monday, August 28, 2023, to file his reply brief. This request is made under Rule 31 of the Federal Rules of Appellate Procedure and Circuit Rule 31-2.2(b), and is based on the attached declaration of counsel.

                                            Respectfully submitted,

                                            CUAUHTEMOC ORTEGA
                                            Federal Public Defender

DATED: August 14, 2023        By  */s/ Sonam Henderson*
                                                  SONAM HENDERSON
                                                  Deputy Federal Public Defender
                                                  Attorney for Defendant-Appellant

1

## DECLARATION OF SONAM HENDERSON

I, Sonam Henderson, hereby declare:

I am a Deputy Federal Public Defender in the Central District of California, and am responsible for the preparation of the briefing for appellant Steven Duarte. I request a 7-day extension of time to file his reply brief. The brief is currently due Monday, August 21, 2023, and with the requested extension, the brief would be due Monday August 28, 2023. This is my second request for an extension on this brief: it was originally due Wednesday, June 21, 2023, and that date was extended via a 61-day extension request. All transcripts have been prepared, and no reporter is in default.

This appeal arises from Mr. Duarte's conviction after trial and sentence on a charge of violating 18 U.S.C. § 922(g). Mr. Duarte is in custody serving his 51-month sentence in this case. The Bureau of Prisons lists his expected release date as July 4, 2024.

While I have done significant work on this brief, even with the exercise of diligence, I will not be able to file the brief by its current deadline. That is both because of the weighty and rapidly developing legal issues raised in this case, as well as because of responsibilities in other cases before this Court, including a Court-ordered supplemental brief that I had no reason to anticipate when I moved for my first extension, but which consumed a material portion of that first extension period. I am aware of this Court's recent communications about

2

reducing extension requests, and while I have tried to avoid having to make this request, at this point I do believe it is necessary.

In terms of the issues in this case, this case addresses the constitutionality of 18 U.S.C. § 922(g)(1) after *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), and does so in a context in which courts, including this one, have been issuing potentially relevant decisions at a rapid clip. *See, e.g.*, *United States v. Alaniz*, 69 F.4th 1124 (9th Cir. 2023); *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96 (3d Cir. 2023) (en banc); *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023); *Teter v. Lopez*, ––– F.4th –––, 2023 WL 5008203 (9th Cir. August 7, 2023). Additionally, since I filed my opening brief in this case, briefs in other potentially related cases have appeared in this Circuit. *See, e.g.*, *United States v. Ramos*, CA No. 22-50177; *United States v Rojo*, CA No. 23-598. Reflecting the complex and important nature of the issues raised, the government's answering brief runs 69 pages and almost to the 14,000-word limit. Fully replying to the government's extensive arguments while also incorporating the rapidly evolving caselaw will require more time than I have remaining before the current deadline.

This is especially true because I anticipate that—given the complexity of issues and the fact that government's brief is so much longer than my opening brief was—it will be very difficult to keep the reply brief to the 7,000-word limit. I am hopeful that the requested deadline will afford me the time necessary to edit down my arguments and avoid having to move for an overlength brief.

In terms of other responsibilities, my time since my last extension request has been consumed by other briefing for this Court, including a substantial briefing task that I had no reason to anticipate at the time I made my last request. On June 20, 2023 (six days after this Court granted my last request in this case), this Court ordered me and the government to submit simultaneous briefs in *United States v. Lucas*, CA No. 22-50064, regarding a very important issue with far-reaching implications for this Court's case law as it impacts my office's clients: whether this Court should grant en banc rehearing to consider the continued viability of its longstanding caselaw requiring facts disproportionately impacting defendants' sentences to be proven to a heightened standard of proof. That order gave 21 days to file the supplemental brief. Consequently, given the complicated and important issue, the fact that I was overseas when the *Lucas* order issued, the July 4 holiday, and the potential implications for defendants across the Circuit, the Court-ordered *Lucas* brief consumed much of my work time from the date of the order until I filed the brief on July 11, 2023.

As soon as I finished that unanticipated supplemental brief, I turned my attention to the reply brief in *United States v. Parkins*, CA No. 22-50186. While *Parkins* was a reply, I was not involved in preparing the opening brief, which meant that completing the reply required much more work than a typical reply brief, since I had to learn the record and the caselaw in the first instance. I filed *Parkins* on time on July 24. After *Parkins*, I turned to completing the opening

4

brief in *United States v. Damaso*, CA No. 22-10191, a trial case with a lengthy record. I worked through part of a long-planned family trip in order to file that brief on time on August 4. Only after returning to the office on August 9, 2023, was I able to begin work on this reply brief.

The requested time will allow me to undertake the work necessary to complete the briefing in this case. I have been diligent in this case, and I fully expect to file the brief on or before the requested date.

I have consulted by email with Assistant United States Attorney Suria Bahadue, counsel for the government in this case. She has informed me that the government has no objection to this request.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on August 14, 2023, in Altadena, California.

By  /s/ Sonam Henderson
    SONAM HENDERSON
    Deputy Federal Public Defender