CA NO. 22-50048

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> STEVEN DUARTE, <br><br> Defendant-Appellant. | DC NO. 2:20-cr-00387-AB-1 |

**APPELLANT'S MOTION TO SCHEDULE RELATED CASES FOR ARGUMENT BEFORE THE SAME PANEL**

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

HONORABLE ANDRE BIROTTE, JR.
United States District Judge

CUAUHTEMOC ORTEGA
Federal Public Defender
SONAM HENDERSON
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081
Email: Sonam_Henderson@fd.org

Attorneys for Defendant-Appellant

# APPELLANT'S MOTION TO SCHEDULE RELATED CASES FOR ARGUMENT BEFORE THE SAME PANEL

Appellant Steven Duarte, by and through his attorney of record, Deputy Federal Public Defender Sonam Henderson, hereby respectfully moves the Court to schedule his case and the related cases of *United States v. Rojo*, CA No. 23-598, and *United States v. Butts*, CA No. 23-313, for argument before the same panel and to schedule argument for as soon as practicable after briefing is complete in *Butts* and *Rojo*. Please note, however, that he does not ask that the cases be consolidated for a single argument; rather, his request is that the three cases be separately heard before the same panel on the same day. While Rojo and Butts concur in this request, the government opposes it. This motion is made pursuant to Fed. R. App. P. 27 & 34, and Circuit Rules 28-2.6(b), 34-1, 34-2, & 34-3. It is based on the attached declaration, the files and records of this case and those in *Rojo* and *Butts*, and any further information that the Court may request.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: August 21, 2023     By  /s/ *Sonam Henderson*
                                                    SONAM HENDERSON
                                                    Deputy Federal Public Defender
                                                    Attorney for Defendant-Appellant

## DECLARATION OF SONAM HENDERSON

I, Sonam Henderson, hereby declare and state as follows:

I am a Deputy Federal Public Defender in the Central District of California. I represent appellant Steven Duarte in this appeal.

All of the designated transcripts in this case have been filed by the court reporters.

On January 27, 2023, I filed Duarte's opening brief. The government filed its answering brief on May 31, 2023. I will file the reply brief by its due date of August 28, 2023.

On Thursday, August 17, 2023, I received notice that this case is under consideration for oral argument during the December 2023 and the January 2024 Pasadena sitting dates. As explained in a concurrently filed Form 32, I am unavailable for the January 2024 sitting dates, as I will be out of the country on prepaid travel with my family.

This case challenges the constitutionality of 18 U.S.C. § 922(g)(1) (criminalizing possession of a firearm by anyone with a prior conviction punishable by more than a year of imprisonment) in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). This important issue, which has implications for numerous defendants in this Circuit and nationwide, is being litigated around the country. Indeed, the en banc Third Circuit recently held that

18 U.S.C. § 922(g)(1) as applied to the defendant in that case was unconstitutional under *Bruen*. *See Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 101 (3d Cir. 2023) (en banc).

Since filing my opening brief, I have become aware of additional cases challenging the constitutionality of 18 U.S.C. § 922(g)(1) in light of *Bruen*, including *United States v. Rojo*, Case No. 23-598, which originated in the Southern District of California, and *United States v. Butts*, Case No. 23-313, which originated in Montana.[1] The opening brief in *Rojo* was filed on July 19, 2023. The government requested a streamlined extension, and its answering brief is due on September 18, 2023. The opening brief in *Butts* was filed on July 27, 2023. The government answering brief is currently due on September 11, 2023. In both *Rojo* and *Butts*, amicus briefs have been filed.

*Duarte*, *Rojo*, and *Butts* are related for purposes of Circuit Rule 28-2.6(b) because they "raise the same or closely related issues." As such, this Court's Rules provide for delaying the scheduling of oral argument in *Duarte*, so that *Rojo* and *Butts* can be scheduled for oral argument at the same time. *See* Circuit Advisory

---

[1] I have also become aware of two other cases raising similar issues, *United States v. Registe*, CA No. 20-30042, and *United States v. Ramos*, CA No. 22-50177. However, the appellant in *Registe* filed an unopposed motion to stay that case pending the outcome of *Rojo*. For *Ramos*, the government has told me that it will be filing a motion to dismiss today and so the merits briefing there will be delayed by that collateral litigation. Accordingly, I am not asking that this case be calendared with *Registe* and *Ramos*.

Committee Note to Rules 34-1 to 34-3, Part 1 ("When other pending cases raise the same legal issues, the Court may advance or defer the hearing of an appeal so that related issues can be heard at the same time.").

Given the issues involved, I believe that the Court's review of *Duarte*, *Rojo*, and *Butts*—and the underlying, common issue of the constitutionality of § 922(g)(1) in light of *Bruen*—will be enhanced by considering these cases in concert. The three cases present litigants with diverse circumstances potentially relevant to this Court's understanding of the constitutionality of § 922(g)(1) in light of *Bruen*. Each defendant has a different criminal history, which may help sharpen the Court's focus as it considers as-applied challenges based on the lack of historical precedent for dispossessing those with certain offenses from the right to bear arms. Similarly, each case arises out of a different judicial district, in which the common uses of firearms may be different. In particular, Montana is much more rural than either the Southern or Central Districts of California—indeed, the interactions between § 922(g)(1) and Montana's traditions of hunting and defense from animal predators are addressed by one of the amicus briefs that has been submitted in *Butts*. Hearing this diversity of cases together may help the Court fully consider all facets of this extremely important and far-reaching legal issue.

I therefore respectfully request that the Court schedule these three cases for argument before the same panel on the same day (but not to consolidate them for

argument); to briefly delay scheduling *Duarte* to allow time for the briefing to be more complete in *Butts* and *Rojo*; and to schedule argument for as soon as practicable after briefing is complete in *Butts* and *Rojo*. In particular, I am aware that the Court has been scheduling oral argument in some cases upon the filing of the answering brief. Accordingly, I propose that for these three cases, it schedule argument as soon as the government has filed its answering briefs in *Butts* and *Rojo* (currently due September 11, 2023, and September 18, 2023, respectively).

      Prior to making this motion, I both considered Mr. Duarte's interests and secured his permission to make the motion. Although Mr. Duarte is currently in custody, my understanding is that he will be released to a halfway house in approximately December 2023, in advance of his scheduled final Bureau of Prisons release date of July 31, 2024. Because he will have been released to a halfway house by or very shortly after the December dates currently under consideration, I do not believe that it will harm his interests to briefly delay calendaring this case to afford the Court the benefit of reviewing this case in concert with *Butts* and *Rojo* as it considers the correct constitutional ruling.

      On August 18 and 20, 2023, I communicated about this request with Katie Hurrelbrink, counsel for Rojo, and John Rhodes, counsel for Butts, as well as with Assistant United States Attorney Suria Bahadue, counsel for the government in this case. Counsel for Rojo and Butts support the request. The government opposes

the request and asks that I note that it would like to argue the case during one of the December 2023 Pasadena sitting dates.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on August 21, 2023, in Altadena, California.

By  /s/ *Sonam Henderson*
SONAM HENDERSON
Deputy Federal Public Defender