# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | C.A. No. 22-50048 |
| Plaintiff-Appellee, | D.C. No. CR 20-387-AB |
| | (Central Dist. Cal.) |
| v. | |
| STEVEN DUARTE, | **GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO POSTPONE ARGUMENT** |
| Defendant-Appellant. | |

The Court should deny defendant's motion to delay oral argument in this case. Both parties are available during the December 2023 calendar; the case should be argued then.

Defendant challenges the constitutionality of 18 U.S.C. § 922(g)(1) as applied to him under *New York State Rifle Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (AOB 1.)[1] The government filed its answering brief at the end of May 2023, and this appeal will be fully briefed by August 28, 2023 (Mot. 3); the Court noticed this case for oral argument

---

[1] "Mot" refers to defendant's Motion to Postpone Argument, "AOB" refers to Appellant's Opening Brief, and "GAB" refers to Government's Answering Brief; each is followed by applicable page numbers.

on the December 2023 and January 2024 calendars. (Dkt. 41.) Both parties are available for the December 2023 calendar. (Dkt. 43.) The case should be argued then.

Defendant, however, asks to delay argument in this case so that it can be argued later—once multiple, related appeals have been fully briefed. That request should be denied.

1. Defendant seeks to consolidate his appeal—which has been pending since March 2022—with appeals that have not been fully briefed and that may not be ready for oral argument for months. In this case, the government filed its answering brief nearly three months ago (Dkt. 33), and defendant's reply brief will be filed next week (Mot. 3). None of the appeals defendant seeks to consolidate—*United States v. Rojo*, C.A. 23-598, and *United States v. Butts*, C.A. 23-313—is fully briefed, much less ready for oral argument. Nor are there any assurances that either case will be ready soon. For instance, the government may seek extensions of its answering brief deadlines in those pending cases; or, alternatively, the defendants may seek extension of their reply brief deadlines. If either case follows the same timeline as this appeal, the government's answering brief deadline

2

would be extended for another 60 days in *Rojo* and 90 days in *Butts*, and the defendants in each appeal might (as in this case) seek 68 days for their reply briefs. Defendant effectively asks this Court to postpone oral argument for many months, without any clear end date.[2]

    2. The government opposes such an open-ended delay where, as here, this case raises an "important issue" with "implications for numerous defendants in this Circuit and nationwide." (Mot. 3; *accord* GAB 52-62 (citing hundreds of decisions upholding the constitutionality of § 922(g)(1).) *See also United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023) (already concluding that there is "no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)"). The sheer volume of cases challenging the constitutionality of § 922(g)(1) after *Bruen* demonstrates the need for prompt and clear guidance from this Court for the benefit of district courts throughout this Circuit.

---

[2] Plus, there is no limiting principle to his request. The government's notice of related cases shows that multiple appeals—many of which have not been fully briefed—raise the same issue; thus, under defendant's approach, his case might be postponed until all of them are ready for oral argument.

3

3. The government does not oppose defendant's request that any related cases *ready for argument* be "heard before the same panel on the same day." (Mot. 2.) That much is common sense. But defendant's proposal to hold this case for others in the pipeline would result in this "important issue" (Mot. 3) being argued at the pace of the slowest-moving case. *This* case is ready—it has been fully briefed, and both parties are available for argument in December 2023. (Dkt. 43.) If other cases raising the same issue are also ready for argument by December 2023, the government has no objection to scheduling them before the same panel that hears this case.[3]

---

[3] A case out of the District of Alaska—*United States v. Registe*, C.A. 20-30042—is fully briefed and was previously noticed for oral argument in November and December 2023 (*id.* Dkt. 50), but there is a pending unopposed motion to stay that case. Government counsel in that case states that, if that motion is denied, he has no objection to setting *Registe* for oral argument before the same panel that hears this case.

Accordingly, the Court should deny defendant's motion to postpone and set this case for oral argument in December 2023, when both parties are available.

| | |
|---|---|
| DATED: August 22, 2023 | Respectfully submitted,<br><br>E. MARTIN ESTRADA<br>United States Attorney<br><br>MACK E. JENKINS<br>Assistant United States Attorney<br>Chief, Criminal Division<br><br>BRAM M. ALDEN<br>Assistant United States Attorney<br>Chief, Criminal Appeals Section<br><br>/s/ *Suria M. Bahadue*<br><br>SURIA M. BAHADUE<br>Assistant United States Attorney<br>Criminal Appeals Section<br><br>Attorneys for Plaintiff-Appellee<br>UNITED STATES OF AMERICA |

## STATEMENT OF RELATED CASES

The government states, pursuant to Ninth Circuit Rule 28-2.6, that the following appeals raise the same or a substantially similar question as presented here; that is, whether 18 U.S.C. § 922(g)(1) is constitutional after *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022):

*United States v. Registe*, C.A. 20-30042, in which briefing is complete but an unopposed motion to stay is pending;

*United States v. Ramos*, C.A. 22-50177, in which the government filed a motion to dismiss based on the defendant's appeal waiver;

*United States v. Rojo*, C.A. 23-598, in which the government's answering brief is due September 18, 2023;

*United States v. Butts*, C.A. 23-313, in which the government's answering brief is due September 11, 2023;

*United States v. Howard*, C.A. 22-10211, in which the government's answering brief is due October 23, 2023;

*United States v. Martinez*, C.A. 23-1125, in which the defendant's opening brief is due September 5, 2023; and

*United States v. Bacchus*, C.A. No. 23-1857, in which the defendant's opening brief is due November 15, 2023.