CA NO. 22-50048

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STEVEN DUARTE,

Defendant-Appellant.

DC NO. 2:20-cr-00387-AB-1

# REPLY IN SUPPORT OF MOTION TO SCHEDULE RELATED CASES FOR ARGUMENT BEFORE THE SAME PANEL

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

HONORABLE ANDRE BIROTTE, JR.
United States District Judge

CUAUHTEMOC ORTEGA
Federal Public Defender
SONAM HENDERSON
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081
Email: Sonam_Henderson@fd.org

Attorneys for Defendant-Appellant

**REPLY IN SUPPORT OF MOTION TO SCHEDULE RELATED CASES FOR ARGUMENT BEFORE THE SAME PANEL**

Appellant Steven Duarte moved to the Court to schedule his case and the related cases of *United States v. Rojo*, CA No. 23-598, and *United States v. Butts*, CA No. 23-313, for argument before the same panel, and to schedule argument once the answering briefs have been submitted in *Butts* and *Rojo*, with argument to take place as soon as practicable after the briefing in those cases is complete. (Dkt 42.) As explained in the accompanying declaration, hearing a diversity of cases at the same time, with defendants with different criminal histories and arising out of different judicial districts, would help the Court fully consider all facets of this extremely important and far-reaching issue of the constitutionality of § 922(g)(1) in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (Dkt 42 at 4-5.)

The government does not dispute the fundamental premise of the motion—that hearing a diversity of cases at the same time will enhance the Court's consideration of the issue. And indeed, it could not. The Supreme Court frequently grants review in multiple cases presenting the same question in different contexts because considering them together facilitates the legal analysis. *See, e.g.*, *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, 143 S. Ct. 2141, 2156-57 (2023) (jointly considering equal-protection challenges to admissions policies of Harvard and University of North Carolina). Similarly, this

Court's own Rules acknowledge that hearing related cases at the same time is desirable, and something that this Court may delay setting argument in one case in order to achieve. *See* Circuit Advisory Committee Note to Rules 34-1 to 34-3, Part 1 ("When other pending cases raise the same legal issues, the Court may advance or defer the hearing of an appeal so that related issues can be heard at the same time.").

Instead, the government's opposition makes two main claims. First, it asserts that appellant is asking this Court "to postpone oral argument for many months without any clear end date," because it or the appellants could take long extensions in *Butts* and *Rojo*. (Dkt 44 at 2-3.) That concern, however, is inconsistent with the schedule set in those cases so far, and with what Appellant has been told by counsel for *Butts* and counsel for *Rojo*. The *Butts* opening brief was filed after two brief extensions totaling less than 60 days. The *Rojo* brief was filed after one extension totaling only 14 days. Counsel for *Butts* and *Rojo* have informed Appellant that they are committed to filing their reply briefs as soon as practicable after the government briefs are filed in their cases. Indeed, counsel for *Rojo* has informed Appellant that they anticipate filing a motion in *Rojo* to adopt a briefing schedule that would allow that case to be available for oral argument in December or any subsequent sitting. Similarly, counsel for *Butts* has informed Appellant that he will file his reply brief by October 6, 2023, provided that the

government keeps to its current deadline of September 11, 2023. Given the government's own averments that it is anxious to see this issue resolved soon, (Dkt 44 at 3), there is little reason to think that briefing in these cases will drag out.

But even taking the government's argument on its own terms, the argument erroneously assumes that this Court will grant whatever extensions are requested and has no control over the pace of briefing. To the contrary, this Court has recently announced changes to its extension policy, making clear that going forward extensions will be granted more sparingly. *See* Ninth Circuit Announcement of July 11, 2023, available at https://www.ca9.uscourts.gov/. Given that Announcement, there is even less reason to think that the litigants in *Butts* and *Rojo* will ask for, much less receive, the longer extensions the government speculates about in its Opposition. Moreover, any prospect of delay can be further limited by this Court setting oral argument upon the filing of the answering briefs in *Butts* and *Rojo*, as appellant proposed. (Dkt 42 at 6.) Indeed, this Court's July 11, 2023 Announcement said the Court is now doing precisely that: "beginning to move cases to decision or schedule argument in cases once the answering brief is filed." *See* Ninth Circuit Announcement, *supra*. If argument is set when the answering briefs in *Butts* and *Rojo* are filed—as it apparently will be, in light of this Court's Announcement— the delay should not be too great, as the

government has already taken one extension in *Rojo*, and received a de facto extension in *Butts* because of the filing of an amicus brief.

Nor is there anything to the government's footnote assertion that there is "no limiting principle" to Appellant's request for a brief delay, and that argument could be delayed until all possible § 922(g)(1) cases in the Circuit are ready for oral argument. (Dkt 44 at 3 & n.2.) Appellant has not asked for any such open-ended delay; he merely makes a measured request to consider in concert a limited set of cases from different districts that appear likely to be scheduled for argument relatively soon. Moreover, the government's amended notice includes only seven potentially related cases, four of which (*Butts*, *Ramos*, *Rojo*, and *Registe*), were addressed in Appellant's Motion, and two more of which, *United States v. Martinez*, C.A. 23-1125, and *United States v. Bacchus*, C.A. No. 23-1857, have not had even the opening brief filed. Thus, even within the total universe of potential related cases, Appellant's request is a reasonable and measured proposal for affording the Court the advantage of considering and adjudicating multiple cases with the same issue at the same time, as contemplated by the Court's own Rules. *See* Circuit Advisory Committee Note to Rules 34-1 to 34-3, Part 1.

The government's second argument is that the issue is so important that it cannot wait even briefly for other cases to catch up. (Dkt 44 at 3.) That claim is somewhat at odds with the more than 120 days that the government took to file its

brief in this case, and is also at odds with its contention that it may seek long extensions in *Rojo* and *Butts*. But more importantly, it ignores the reality on the ground. The issue is already the subject of a Circuit split, with the Eighth Circuit upholding § 922(g)(1) even after *Bruen*, and the Third Circuit, sitting en banc, finding it unconstitutional as applied. *See United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023); *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 101 (3d Cir. 2023) (en banc). Final guidance on this issue thus may well be a matter for the Supreme Court to resolve. Moreover, given the as-applied challenges presented by this case, *Rojo*, and *Butts* and the possibility that any one case will turn on case-specific facts, a ruling from this Court on this case by itself may not provide full guidance, depending on the analysis this Court decides upon. If this case goes first alone, the panels to which other cases are assigned would normally hold their resolution of those cases to see the outcome in this one. *See* Circuit Advisory Committee Note to Rules 34-1 to 34-3, Part 1. Accordingly, not setting the three cases for argument on the same day may well ***delay*** the guidance the government says it seeks, if this case does not produce full guidance and other cases have been delayed waiting for this one.

In sum, the government identifies no prejudice that it will suffer if the motion is granted. Its speculative concerns about timing are overblown, and indeed, as explained above, it appears that the fastest route to full and definitive

guidance from this Court would be for it to set oral argument in this case with *Butts* and *Rojo*, so that the Court can consider multiple facets of the issue together and issue decisions that cover a diversity of cases.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: August 23, 2023

By *_/s/ Sonam Henderson_*
SONAM HENDERSON
Deputy Federal Public Defender
Attorney for Defendant-Appellant

## DECLARATION OF SONAM HENDERSON

I, Sonam Henderson, hereby declare and state as follows:

I am a Deputy Federal Public Defender in the Central District of California. I represent appellant Steven Duarte in this appeal.

On August 23, 2023, I spoke with John Rhodes, counsel for Butts, and Vince Brunkow, who is the Chief Appellate Attorney for the Federal Defenders of San Diego and supervising counsel for Rojo. Both informed me that they were committed to filing the briefs in their respective cases as soon as practicable after the filing of the answering briefs. Mr. Brunkow informed me that his team anticipated filing a motion soon to adopt a briefing schedule in *Rojo* that would permit *Rojo* to be argued in December 2023 or at any subsequent sitting date. Mr. Rhodes informed me that, assuming the government keeps to its current filing date of September 11, 2023, he will file his reply on or before October 6, 2023.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on August 23, 2023, in Altadena, California.

By * /s/ Sonam Henderson*
SONAM HENDERSON
Deputy Federal Public Defender