CA NO. 22-50048

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

STEVEN DUARTE,

        Defendant-Appellant.

DC NO. 2:20-cr-00387-AB-1

---

**APPELLANT'S MOTION TO STAY PROCEEDINGS PENDING THE SUPREME COURT'S DECISION IN *UNITED STATES V. RAHIMI***

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

HONORABLE ANDRE BIROTTE, JR.
United States District Judge


CUAUHTEMOC ORTEGA
Federal Public Defender
SONAM HENDERSON
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081
Email: Sonam_Henderson@fd.org

Attorneys for Defendant-Appellant

**APPELLANT'S MOTION TO STAY PROCEEDINGS PENDING THE SUPREME COURT'S DECISION IN *UNITED STATES V. RAHIMI***

Appellant Steven Duarte, by and through his attorney of record, Deputy Federal Public Defender Sonam Henderson, hereby respectfully moves the Court to stay this appeal, in which argument is currently scheduled for December 4, 2023, until the Supreme Court issues its decision in *United States v. Rahimi*, Supreme Court Docket No. 22-915. *Rahimi* is set for oral argument before the Supreme Court on November 7, 2023, and will result in a decision in the next several months that will likely address issues directly relevant to those in this case.

This motion is made pursuant to Fed. R. App. P. 27. The motion is based on the attached declaration and memorandum of points and authorities, the files and records of this case, the merits briefing in *Rahimi*, the statements made by the Solicitor General in her petition for certiorari in *Attorney General v. Range*, Supreme Court Docket No. 23-374, and any further information that the Court may request.

The government opposes this motion and has represented that it will file an opposition.

1

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 23, 2023        By  */s/ Sonam Henderson*
                               SONAM HENDERSON
                               Deputy Federal Public Defender
                               Attorney for Defendant-Appellant

2

## MEMORANDUM OF POINTS AND AUTHORITIES

This Court has routinely stayed proceedings involving issues that may be affected by a pending Supreme Court case. *See, e.g.*, *Teter v. Lopez*, 76 F.4th 938, 943 (9th Cir. 2023) (case challenging Hawaii ban on butterfly knives was stayed pending *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022)).[1]  It does so to preserve its time and resources and those of the parties by avoiding the potential waste of litigating and considering a case under the shadow of a pending decision that may impact key issues and force their relitigation and reconsideration.[2]  This case presents just such a situation.

The government has staked a large portion of its arguments in this case on the assertion that the Second Amendment right covers only responsible, law-

---

[1] *See also, e.g.*, *Glob. Master Int'l Grp., Inc. v. Esmond Nat., Inc.*, 76 F.4th 1266, 1270 (9th Cir. 2023); *Doe I v. Cisco Sys., Inc.*, 73 F.4th 700, 713 (9th Cir. 2023); *Radu v. Shon*, 62 F.4th 1165, 1171 (9th Cir. 2023); *United States v. Charles Armstead*, CA No. 22-50042, Dkt Item 16 (9th Cir. Apr. 26, 2023); *United States v. Hilbrant*, CA No, 22-50001 Dkt Item 13 (9th Cir. February 1, 2023); *Lopez v. Garland*, 998 F.3d 851, 852 (9th Cir. 2021); *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 441 (9th Cir. 2019); *CFPB v. CashCall, Inc.*, 2019 WL 5390028 (9th Cir. Oct. 21, 2019) (order).

[2] *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *cf. Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

abiding citizens. That same assertion is also the centerpiece of the government's arguments in the pending Supreme Court case *United States v. Rahimi*, Supreme Court Docket No. 22-915, which is set to be argued on November 7, 2023 and decided this Spring. It appears that a decision in *Rahimi* will require the Supreme Court to consider whether, and to what extent, that assertion is correct, as well as potentially prompt the Court to offer more general guidance for evaluating dispossession statutes like 18 U.S.C. § 922(g) post-*Bruen*. If this Court decides this case before the Supreme Court decides *Rahimi*, additional post-*Rahimi* briefing, argument, and decisionmaking may be needed to reconcile this Court's decision with that of the Supreme Court. A stay of appellate proceedings in this case is thus likely to minimize unnecessary expenditure of time and effort for the Court and the parties.

**A.   This case involves an important issue that is already the subject of a circuit split.**

This case challenges the constitutionality, in light of *Bruen*, of 18 U.S.C. § 922(g)(1), which criminalizes possession of a firearm by anyone with a prior conviction punishable by more than a year of imprisonment. This important issue has implications for numerous defendants in this Circuit and nationwide. It is also already the subject of a circuit split. The en banc Third Circuit recently held that 18 U.S.C. § 922(g)(1) was unconstitutional under *Bruen* as applied to the defendant in that case. *See Range v. Att'y Gen. United States of Am.*, 69 F.4th 96,

101 (3d Cir. 2023) (en banc).  On the other side of the ledger, the Eighth and Tenth Circuits have upheld § 922(g)(1) post-*Bruen*.  *See Vincent v. Garland*, 80 F.4th 1197, 1199-1202 (10th Cir. 2023); *United States v. Jackson*, 69 F.4th 495, 501-506 (2023).

**B.**   **The government's central arguments here track its central arguments in *United States v. Rahimi*.**

Although *Rahimi* concerns the constitutionality of 18 U.S.C. § 922(g)(8), rather than that of 18 U.S.C. § 922(g)(1), the government's central argument in *Rahimi* tracks its central argument here, namely that the Second Amendment's protections extend only to responsible, law-abiding citizens.  This substantial overlap in the government's arguments creates a reasonable likelihood that the Supreme Court's decision in *Rahimi* will affect the issues in this case.

In *Rahimi*, the Fifth Circuit held that § 922(g)(8), which prohibits the possession of firearms by someone subject to a domestic violence restraining order, was unconstitutional under the Second Amendment.  *See United States v. Rahimi*, 61 F.4th 443, 448 (5th Cir.), *cert. granted*, 143 S. Ct. 2688 (2023).  In arguing to the Supreme Court that the statute *is*, in fact, constitutional, the government's *Rahimi* merits brief argues that the Second Amendment's protections do not extend to people who are not law-abiding, responsible citizens; thus, it claims, the government is free to dispossess such individuals of firearms.  *See* Brief for the United States at 10, *United States v. Rahimi* (No. 22-915) (S. Ct. August

2023).[3]  It further asserts that the Supreme Court's decisions in *Bruen* and *District of Columbia v. Heller*, 554 U.S. 570 (2008), recognize a right to bear arms only for law-abiding, responsible citizens.  *See* Brief for the United States, *Rahimi* at 11-13.  It then points to the English Bill of Rights and the views expressed during ratifying debates by the Pennsylvania and Massachusetts minorities as providing pre-Founding and Founding-era support for the same limitation.  *Id.* at 13-18.  Similarly, it seeks support for that assertion in Revolutionary-era laws disarming loyalists and others failing to swear allegiance to the new Republic.  *Id.* at 22.

Here, the government bases its claim that § 922(g)(1) does not violate the Second Amendment on the same assertion it makes in *Rahimi*: that the Second Amendment only protects law-abiding, responsible citizens.  Indeed, the assertion permeates its brief in this appeal.  It says so in its introduction, (GAB 2), and then goes on to form each leg of its argument around that assertion.  It claims that *Heller* limited the Second Amendment right to law-abiding responsible citizens. (GAB  13-14.)  It asserts that this Court in *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010), "said the same thing."  (GAB 2, GAB 14-16.)   It says that *Bruen* "reaffirmed" that point, and "implicitly acknowledged" that felons are not

---

[3] For the Court's convenience, I am attaching a copy of that brief as Exhibit A to this motion.  It can also be found at http://www.supremecourt.gov/DocketPDF/22/22-915/275295/20230814194714856_22-915%20U.S.%20v.%20Rahimi.pdf.

among the people covered by the Second Amendment because they are not law-abiding and responsible. (GAB 18, 20-21.) It claims that *Vongxay* cannot be inconsistent with *Bruen* because both stood for such exclusion of non-law-abiding people from the Second Amendment's protections. (GAB 25-26.) It maintains the same point as it moves into its textual and historical analysis of the Second Amendment, claiming, *inter alia*, that the Second Amendment right is tied to the concept of "virtuous citizenry," and that the 1689 English Bill of Rights and the ratification-era Pennsylvania minority proposal—both of which the government relies on in *Rahimi* as well— confirm that the right applied only to law-abiding citizens. (GAB 28-33.) Since it cannot claim a historic tradition of felon firearm dispossession laws specifically, it argues that various English and Revolutionary and colonial-era laws show a historical understanding that legislatures could dispossess those who could not be trusted to follow the law. (GAB 40-46.) It then argues that § 922(g)(1) is relevantly similar to such laws, so as to satisfy *Bruen*, because the "how" of § 922(g)(1) does not burden the Second Amendment right, since only responsible, law-abiding people have such a right. (GAB 50.) Even its section claiming that Duarte is not a nonviolent offender circles around to claiming that the Court need not adjudicate the issue because, again, the Second Amendment protects only the law-abiding. (GAB 68.)

The government has thus staked a large portion of its argument in this case on the same assertion that is central to its claims in *Rahimi*: that the Second Amendment only covers responsible, law-abiding citizens.

**C.  The overlap between the government's arguments in *Rahimi* and its arguments here make a stay appropriate, as the Solicitor General's appears to have acknowledged in its petition for certiorari in *Attorney General v. Range*.**

Given that the government's central argument in *Rahimi* is that the Second Amendment only covers responsible, law-abiding citizens, it appears that a decision in *Rahimi* will require the Supreme Court to consider whether and to what extent that assertion is correct.  And since that same assertion is central to the government's claims in this appeal, a stay of appellate proceedings in this case so as to allow the Supreme Court to consider that question will minimize unnecessary expenditure of time and effort for the Court and the parties here.  Indeed, it appears that if argument in this case is held on its currently scheduled date, that argument will necessarily involve the parties trying to read tea leaves and speculate about the outcome of *Rahimi*.  Similarly, any disposition that this Court reaches prior to the Supreme Court issuing its *Rahimi* decision may result in disputes, once the *Rahimi* decision issues, about whether this Court's disposition accords with that *Rahimi* decision, possibly requiring rehearing and readjudication.

Notably, the United States Solicitor General herself made a similar point in the government's petition for certiorari in *Range*, the Third Circuit en banc case

that held that § 922(g)(1) was unconstitutional as applied. Despite *Range*

involving § 922(g)(1) and *Rahimi* involving § 922(g)(8), the Solicitor General

asked the Supreme Court to delay consideration of ("hold") its petition for

certiorari in *Range* pending resolution of *Rahimi*. *See* Petition for Certiorari at 25,

*Attorney General v. Range*, No. 23-374 (S. Ct. October 2023).[4] It explained:

> [*Range*] substantially overlaps with *Rahimi*. Both cases
> concern Congress's authority to prohibit a category of
> individuals from possessing firearms. In each case, the
> government argues that the Second Amendment allows
> Congress to disarm individuals who are not law-abiding,
> responsible citizens. In each, the government relies on
> statements in *Heller*, *McDonald*, and *Bruen* that the right
> to keep and bear arms belongs to law-abiding,
> responsible citizens; on Second Amendment precursors
> that express a similar understanding; and on 19th-century
> laws prohibiting unfit individuals from possessing arms.
> . . . Each case also raises similar methodological
> questions about how to apply the historical test set forth
> in Bruen . . . .

*See id.* at 26.

**D.    Conclusion**

For the reasons above, appellant Steven Duarte respectfully requests that this

Court stay proceedings in this case pending the Supreme Court's decision in

*Rahimi*.

---

[4] For the Court's convenience, a copy of that Petition, without its Appendix,
is attached to this Motion as Exhibit B. It is also available at
https://www.supremecourt.gov/DocketPDF/23/23-
374/284273/20231005143445830_Range%20Pet%2010.5.pdf.

## DECLARATION OF SONAM HENDERSON

I, Sonam Henderson, hereby declare:

1.      I am a Deputy Federal Public Defender in the Central District of California.  I represent appellant Steven Duarte.

2.      Mr. Duarte is in custody serving his 51-month sentence in this case. The Bureau of Prisons lists his expected release date as July 4, 2024.  However, my understanding is that he will be released to a halfway house (residential reentry center) in approximately December 2023.  *See* 18 U.S.C. § 3624 (prisoner shall to extent practicable spend up to 12 months of the final portion of sentence in conditions conducive to reentry, such as a community correctional facility); *see also* 18 U.S.C. § 3621(b); BOP Program Statement PS7310.04.[5]

3.      This case is briefed and is currently scheduled for argument in Pasadena on December 4, 2023.  No court reporter is in default.

4.      According to the Supreme Court's website, (https://www.supremecourt.gov/docket/docket.aspx), on September 6, 2023, the Supreme Court set argument in *Rahimi* to take place on November 7, 2023.

---

[5] *Available at* www.bop.gov/PublicInfo/execute/policysearch?todo=query&series=7000 (last visited October 23, 2023).

5.      Also according to the Supreme Court's website, the Solicitor General's office filed its petition for a writ of certiorari in *Range* on October 5, 2023.

6.      On October 18, 2023, I consulted by telephone with Assistant United States Attorney Suria Bahadue, counsel for the government in this case, who informed me that the government objects to this motion and plans to file a written objection to it.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on October 23, 2023, in Altadena, California.

By  */s/ Sonam Henderson*
    SONAM HENDERSON
    Deputy Federal Public Defender