# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | C.A. No. 22-50048 |
| Plaintiff-Appellee, | D.C. No. CR 20-387-AB (Central Dist. Cal.) |
| v. | |
| STEVEN DUARTE, | **GOVERNMENT'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO DELAY ARGUMENT (DKT. NO. 53)** |
| Defendant-Appellant. | |
| | [Oral Argument Set for Dec. 4, 2023, Pasadena Courtroom 2] |

The oral argument in this case is set for December 4, 2023. This Court already denied defendant's first motion to delay the argument. The Court should now deny defendant's second motion to delay. (Dkt. No. 53 (the "Second Delay Motion").) Both parties are available on December 4, 2023, and the oral argument should proceed as scheduled.

\* \* \*

1. Defendant filed his first motion to delay argument on August 21, 2023. (Dkt. No. 42.) The government opposed, pointing out that both parties had agreed that the Second Amendment question

presented in this case is an "important issue" with "implications for numerous defendants in this Circuit and nationwide." (Dkt. No. 44 (quoting defendant).) There are hundreds of cases around the Circuit challenging the constitutionality of the felon-in-possession statute, 18 U.S.C. § 922(g)(1), following the Supreme Court's decision in *New York State Rifle Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). This Court agreed, refusing to delay argument and setting it for the December 2023 calendar, when both parties were available. (Dkt. Nos. 46, 50.)

    2.    Now, defendant again seeks to delay argument, this time seeking a stay pending the Supreme Court's consideration of a Second Amendment challenge to a different statutory provision, 18 U.S.C. § 922(g)(8), which prohibits the possession of firearms by persons subject to domestic-violence restraining orders. *See United States v. Rahimi,* S. Ct. No. 22-915 (set for argument Nov. 7, 2023). Defendant claims that the "centerpiece" of the government's argument in this case is that "the Second Amendment right covers only responsible, law-abiding citizens," and that "*Rahimi* will require the Supreme Court to

2

consider whether, and to what extent, that assertion is correct." (Second Delay Mot. 3–4.)

Not exactly. That phrase is the Supreme Court's, not the government's, and is used no fewer than 14 times in *Bruen*. (*See* GAB 20 (citing 142 S. Ct. at 2122, 2125, 2131, 2133-34, 2135 n.8, 2138 & n.9, 2150, 2156).) The question in this case is whether felons — including arguably "non-violent" felons, as defendant claims to be — are included in that definition, as well as (potentially) how to determine whether a felon is nonviolent. (*See* GAB 65–66 (opposing any attempt to import "some form of 'categorical approach' to the 'nonviolent felon' analysis")).) Neither question has anything to do with *Rahimi*, which involves person-specific restraining orders following a judicial proceeding. *See* 18 U.S.C. § 922(g)(8). And although there may be "overlap" when it comes to some of the historical analysis (Second Delay Mot. 8–9 (quoting the Solicitor General)), it is also well understood that felons are in a class by themselves. (*See* GAB 16–17 (citing *Mai v. United States*, 974 F.3d 1082, 1091, 1093–94 (9th Cir. 2020) (Bumatay, J., joined by Ikuta, Bade, Hunsaker, JJ., dissenting from denial of rehearing en banc)).)

3

3. Defendant's second attempt to delay argument is also at odds with the reasoning of his first such attempt. The first time around, defendant claimed that he wanted his case to be argued with other § 922(g)(1) cases, in particular *United States v. Rojo*, C.A. 23-598, and *United States v. Butts*, C.A. 23-313. But as of the date of this filing, neither defendant in either of those cases is seeking a stay pending *Rahimi*. This posture suggests that defendant may be attempting to delay this lower-numbered appeal merely so that it is not argued before *Rojo* and *Butts*. That, of course, is not a valid basis for a stay.

* * *

Defendant's stay motion should be denied.

| | |
|---|---|
| DATED: October 24, 2023 | Respectfully submitted, |
| | E. MARTIN ESTRADA<br>United States Attorney |
| | MACK E. JENKINS<br>Assistant United States Attorney<br>Chief, Criminal Division |
| | /s/ *Bram M. Alden* |
| | BRAM M. ALDEN<br>Assistant United States Attorney<br>Chief, Criminal Appeals Section |
| | Attorneys for Plaintiff-Appellee<br>UNITED STATES OF AMERICA |

4