CA NO. 22-50048

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

STEVEN DUARTE,

    Defendant-Appellant.

DC NO. 2:20-cr-00387-AB-1

**REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING THE SUPREME COURT'S DECISION IN *UNITED STATES V. RAHIMI***

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

HONORABLE ANDRE BIROTTE, JR.
United States District Judge

CUAUHTEMOC ORTEGA
Federal Public Defender
SONAM HENDERSON
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081
Email: Sonam_Henderson@fd.org

Attorneys for Defendant-Appellant

### REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING THE SUPREME COURT'S DECISION IN *UNITED STATES V. RAHIMI*

Appellant Steven Duarte moved to stay this appeal pending the Supreme Court's decision in *United States v. Rahimi*, Supreme Court Docket No. 22-915. (*See* Docket No. 53, Motion to Stay.) The government's central argument in *Rahimi*—that the Second Amendment only protects law-abiding, responsible citizens—is so similar to the argument it is making here and in other cases involving Second Amendment challenges to 18 U.S.C. § 922(g)(1) that the Solicitor General, the Department of Justice's top appellate attorney, has acknowledged that overlap and asked the Supreme Court to hold consideration of its petition for certiorari in another 18 U.S.C. § 922(g)(1) case, *Attorney General v. Range*, Supreme Court Docket No. 23-374, pending *Rahimi*. (*See* Docket No. 53 at 9.)

Nevertheless, the government opposes a stay here. Its opposition, however, reveals no principled reason for not staying the case. Instead, it relies on mischaracterizations of prior proceedings and unwarranted and incorrect speculation about Appellant's motives.

**1.** The government does not meaningfully contest the bases for Appellant's stay motion. It does not dispute that this Court routinely stays proceedings involving issues that may be affected by a pending Supreme Court decision, or that *Rahimi* is being argued on November 7 and will result in an opinion this Spring.

2

(Docket No. 53 (Mot.) at 3-4.) And while it does assert that it is "[n]ot exactly" correct to say that the centerpiece of its argument here is that the Second Amendment right covers only responsible, law-abiding citizens and that it makes the same argument in *Rahimi*, (Docket No. 55 (Opp.) at 2-3), its arguments do not bear out that assertion. It makes no effort to contest Appellant's showing in the Motion that its brief repeatedly argues that the Second Amendment right covers only responsible, law-abiding citizens, or that its Supreme Court merits brief in *Rahimi* rests on the same argument. (*See* Docket No. 53 (Mot.) at 5-8.) Instead, it argues that this case is about felons and *Rahimi* is about persons subject to restraining orders: in other words, that one is about 18 U.S.C. § 922(g)(1) and the other is about 18 U.S.C. § 922(g)(8). (*See* Docket No. 55 (Opp.) at 3.) That may be true, but that does not erase the fact that the doctrinal approach that the government has taken to both questions is the same: to argue that the Second Amendment does not protect such individuals because they do not qualify as law-abiding and responsible.[1]

---

[1] The government's attempt to frame the issue in this appeal as being "whether felons—including arguably 'non-violent' felons, as defendant claims to be—are included" among "responsible, law-abiding citizens," (Docket No. 55 (Opp.) at 3), is also flatly incorrect. The question is not merely whether some with felony convictions might qualify as "responsible, law-abiding citizens." Rather, it is the larger, antecedent question of whether the Second Amendment is even limited to "responsible, law-abiding citizens" at all. (*See, e.g.*, AOB 9-12; ARB 8-14.) That question is not specific to felons but extends to the meaning of the

3

The government offers no reason why this Court should not wait to see how the Supreme Court handles that issue in *Rahimi*. In particular, its assertion that "felons are in a class by themselves" offers no reason not to wait for *Rahimi* when, despite whatever differences exist between those subject to 18 U.S.C. § 922(g)(1) and those subject to 18 U.S.C. § 922(g)(8), it has chosen to address both sets of individuals with the same argument about the Second Amendment only applying to the law-abiding. Indeed, that is exactly what the Solicitor General recognized in her petition for certiorari in *Range*, when she requested that the Court hold consideration of that § 922(g)(1) petition pending *Rahimi*. The government barely acknowledges that decision by the Solicitor General, (*see* Docket No. 55 (Opp.) at 3), let alone try to explain why the same logic should not apply here. Certainly it makes no attempt to distinguish the issues here from those in *Range*.

**2.** Rather than offering substantive reasons to deny a stay, the government first tries to characterize Appellant's motion as a "second motion to delay argument." (Docket No. 55 (Opp.) at 1.) But that attempt to rebrand the motion makes little sense: contrary to the government's assertions, Appellant has at no point attempted to delay argument for the sake of delay. The first motion to which the government refers was not a "motion to delay argument," but rather a motion

---

Second Amendment as a whole. And it is squarely presented in *Rahimi*. (Docket No. 53 (Mot.) at 5-6, 9.)

4

for this Court to schedule argument in this case at the same time and before the same panel as two related cases, *United States v. Butts*, CA No. 23-313, and *United States v. Rojo*, CA No. 23-598. (*See* Docket No. 42.) While the motion would have briefly delayed the scheduling of argument, that was neither its point nor would the delay have been substantial, given where the cases were in their briefing. (*See* Docket No. 45 at 3-4.) The idea behind the motion was that hearing a diversity of cases at the same time, with defendants with different criminal histories and arising out of different judicial districts, would help the Court fully consider all facets of this extremely important and far-reaching issue of the constitutionality of § 922(g)(1) in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (Docket No. 42 at 4-5.) The motion was made in good faith pursuant to Circuit Advisory Committee Note to Rules 34-1 to 34-3, Part 1, which states: "When other pending cases raise the same legal issues, the Court may advance or defer the hearing of an appeal so that related issues can be heard at the same time."

    **3.** The government also claims that this motion is at odds with Appellant's prior motion to argue this case with other § 922(g)(1) cases, since there is no indication that defendants in those other cases have sought stays. (Docket No. 55 (Opp.) at 4.) It then goes on to suggest that Appellant is trying to delay this appeal so it is argued after those cases. (Docket No. 55 (Opp.) at 4.) That baseless insinuation perhaps says more about the government's motives in contesting the

stay than Appellant's in requesting it. Appellant's purpose has been the same throughout both the motion to argue related cases together and the current motion for a stay: to present the issues to the Court in the manner that would allow them to be resolved most efficiently. Moreover, the other cases are not yet scheduled for argument and there is no reason to think that if this case is stayed pending *Rahimi*, those ones would not also be stayed as well, either by motion of one of the parties or sua sponte by this Court.

**Conclusion**

For the reasons above and in the motion, appellant Steven Duarte respectfully requests that this Court stay proceedings in this case pending the Supreme Court's decision in *Rahimi*.

                                         Respectfully submitted,

                                         CUAUHTEMOC ORTEGA
                                         Federal Public Defender

DATED: October 24, 2023         By  */s/ Sonam Henderson*
                                           SONAM HENDERSON
                                           Deputy Federal Public Defender