**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854
213-894-0081 FAX

| | |
|---|---|
| **CUAUHTEMOC ORTEGA** | **ANGELA VIRAMONTES** |
| *Federal Public Defender* | *Riverside Branch Chief* |
| **AMY M. KARLIN** | **KELLEY MUNOZ** |
| *Chief Deputy* | *Santa Ana Branch Chief* |
| | **K. ELIZABETH DAHLSTROM** |
| | *Chief, Capital Habeas Unit* |

Direct Dial: (213) 894-5308

November 22, 2023

Molly C. Dwyer, Clerk of the Court
United States Court of Appeals for the Ninth Circuit

Re: Response to Government's Fed. R. App. P. 28(j) Letter on *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. Sept. 15, 2023) (Dkt 61); *United States v. Duarte*, Case No. 22-50048 (Pasadena—December 4, 2023)

Dear Ms. Dwyer:

*Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023), offers no persuasive analysis regarding 18 U.S.C. § 922(g)(1)'s constitutionality. The Supreme Court emphasized in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), that the "[o]nly" way a firearm regulation can be constitutional is if the government has "demonstrat[ed] that it is consistent with the Nation's historical tradition of firearm regulation," from the Founding, *id.* at 2126, 2129-30, 2132. (*See also* AOB 8-9.) And yet *Vincent* upheld § 922(g)(1) with no historical analysis whatsoever.

Instead, the Tenth Circuit followed its pre-*Bruen* precedent, which also contains no historical analysis. *See Vincent*, 80 F.4th at 1200-02; *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009). In doing so, it relied on the dicta in *District of Columbia v. Heller*, 554 U.S. 570 (2008), describing felon-in-possession statutes as "presumptively lawful"; readings of *Bruen*'s dissents and concurrences; and a *Bruen* footnote saying that its analysis shouldn't be taken to suggest that "shall-issue" licensing regimes involving background checks are unconstitutional.

As the opening and reply briefs explain, the reliance on *Heller*'s "presumptively lawful" language and statements in *Bruen*'s concurrences and dissents is misplaced. (AOB 27-30; ARB 7-8, 9 n.4.) *See also Range v. Att'y Gen.*, 69 F.4th 96, 99, 103-04, 106 (3d Cir. 2023) (en banc); *Atkinson v. Garland*, 70 F.4th 1018, 1022 (7th Cir. 2023). And *Bruen*'s footnote on "shall issue" licensing focused on distinguishing such regimes from "may issue" regimes in which authorities can unconstitutionally and arbitrarily deny licenses to even the most obviously deserving citizens. *Bruen*, 142 S. Ct. at 2138 n.9. While the Supreme Court mentioned "background checks" as an example of an objective standard used in "shall issue" jurisdictions, it didn't examine—because the issue wasn't presented—what criteria jurisdictions may permissibly use in background checks. *Id.* It certainly didn't say that authorities may constitutionally deny licenses to anyone with a prior felony. That question, as *Bruen*'s main text made clear, depends on whether such a bar is consistent with our Founding-era historical tradition of arms regulation. *Id.* at 2126, 2129-30, 2132.

Sincerely,

/s/ *Sonam Henderson*
SONAM HENDERSON
Deputy Federal Public Defender

## **Certificate of Compliance re Length**

Pursuant to Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6, I hereby certify that the body of the foregoing letter (not including the letterhead, preliminary information, the greeting, or the signature block) contains 350 words.

/s/ *Sonam Henderson*
SONAM HENDERSON
Deputy Federal Public Defender