**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854
213-894-0081 FAX

| | |
|---|---|
| **CUAUHTEMOC ORTEGA** | **ANGELA VIRAMONTES** |
| *Federal Public Defender* | *Riverside Branch Chief* |
| **AMY M. KARLIN** | **KELLEY MUNOZ** |
| *Chief Deputy* | *Santa Ana Branch Chief* |
| | **K. ELIZABETH DAHLSTROM** |
| | *Chief, Capital Habeas Unit* |

Direct Dial: (213) 894-5308

March 7, 2024

Molly C. Dwyer, Clerk of the Court
United States Court of Appeals for the Ninth Circuit

Re: Response to Government's Fed. R. App. P. 28(j) Letter on *United States v. Dubois*, --- F.4th ---, 2024 WL 927030 (11th Cir. Mar. 5, 2024), (Dkt. 66); *United States v. Duarte,* CA No. 22-50048 (Arg. & Sub.—December 4, 2023— Pasadena)

Dear Ms. Dwyer:

*United States v. Dubois*, --- F.4th ---, 2024 WL 927030 (11th Cir. Mar. 5, 2024), offers no new or persuasive analysis regarding § 922(g)(1)'s constitutionality. Contrary to *Bruen*, *Dubois* neither examines the Second Amendment's "plain text" nor identifies a relevant "historical tradition" of permanently dispossessing anyone convicted of any offense the legislature might choose to denominate a felony. *See New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022). (*See also* AOB 8-24.)

Instead, the Eleventh Circuit relies on a pre-*Bruen* case, *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010). *See Dubois*, 2024 WL 927030 at *3-*6. But *Rozier* also forgoes textual and historical analysis, instead leaning on the passage in *District of Columbia v. Heller*, 554 U.S. 570 (2008), describing "longstanding prohibitions on the possession of firearms by felons" as "presumptively lawful," and the references to "law-abiding" citizens. *Rozier*, 598 F.3d at 770-71; *see also Heller*, 554 U.S. at 626-27 & n.26.

Duarte's briefing explains why relying on that language and those references for a rule is contrary to *Bruen* and unworkable in practice. (AOB 27-30; ARB 7-

14.) *See also Range v. Att'y Gen.*, 69 F.4th 96, 99, 101-04, 106 (3d Cir. 2023) (en banc); *Atkinson v. Garland*, 70 F.4th 1018, 1022 (7th Cir. 2023). Notably, the government hasn't been able to articulate, including at oral argument here, any meaningful limitation on such a rule that would prevent a motivated legislature from redefining common behavior as felonious in order to substantially restrict gun rights.

Nor does *Dubois*'s justification for its approach hold water. It reasons that since *Bruen* is faithful to *Heller*, any pre-*Bruen* precedent relying on language from *Heller* is still good law. *See Dubois*, 2024 WL 927030 at *5-*6. But *Bruen* held that courts had been misreading *Heller* to allow atextual and ahistorical limitations on the Second Amendment right. *Bruen*, 597 U.S. at 17. Thus, that *Bruen* is consistent with *Heller*'s core holdings can hardly mean that courts can cherry-pick language from *Heller* to sidestep *Bruen*'s pellucid holding that the only route to constitutionality is through text and history.

Sincerely,

/s/ *Sonam Henderson*
SONAM HENDERSON
Deputy Federal Public Defender

## **Certificate of Compliance re Length**

Pursuant to Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6, I hereby certify that the body of this letter (not including the letterhead, preliminary information, the greeting, and the signature block) contains 350 words.

/s/ *Sonam Henderson*
SONAM HENDERSON
Deputy Federal Public Defender