

U.S. Department of Justice

Criminal Division

Appellate Section                                        Washington, D.C. 20530

June 24, 2024

Hon. Molly C. Dwyer, Clerk
United States Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

      Re:   *United States v. Steven Duarte*, No. 22-50048
               Petition for rehearing en banc filed May 14, 2024

Dear Ms. Dwyer:

      The United States' petition for rehearing en banc is currently pending. As the petition explains, the panel incorrectly held that 18 U.S.C. § 922(g)(1) violates the Second Amendment. The United States respectfully calls the Court's attention to two recent cases.

      First, in *United States v. Rahimi*, No. 22-915, 2024 WL 3074728, at *11 (June 21, 2024), the Supreme Court held that 18 U.S.C. § 922(g)(8)'s prohibition on firearm possession while subject to a domestic-violence restraining order is constitutional because "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *Rahimi* upheld § 922(g)(8) based on analogies to historical surety laws and "going armed" laws. The Court explained: "Section 922(g)(8) is by no means identical to these founding era regimes, but it does not need to be." *Id.* at *9. Instead, § 922(g)(8) is "relevantly similar" to founding-era laws because it "restricts gun use to mitigate demonstrated threats of physical violence." *Id.* at *11.

      *Rahimi* explained that "some courts have misunderstood the methodology of [the Supreme Court's] recent Second Amendment cases" to "suggest a law trapped

in amber." 2024 WL 3074728 at *6. But it explained that "the Second Amendment permits more than just those regulations identical to ones that could be found in 1791." *Id.* And it faulted the Fifth Circuit for "read[ing] *Bruen* to require a 'historical twin' rather than a 'historical analogue.'" *Id.* at *11 (quotation omitted). As explained in the government's rehearing petition, the panel committed a similar error in this case.

Second, the Third Circuit applied plain-error review when rejecting an unpreserved Second Amendment challenge to § 922(g)(1). *United States v. Dorsey*, No. 23-2125 (3d Cir. June 24, 2024). Accordingly, the panel's application of de novo review to Duarte's forfeited *Bruen* claim now conflicts with decisions from two other circuits. *See* Pet. for Rehearing 18. The Court should vacate the panel decision and grant rehearing en banc.

Respectfully submitted,

s/William A. Glaser
WILLIAM A. GLASER
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Ste. 1264
Washington, DC 20530
(202) 532-4495
William.Glaser@usdoj.gov