**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854
213-894-0081 FAX

**CUAUHTEMOC ORTEGA**
*Federal Public Defender*
**AMY M. KARLIN**
*Chief Deputy*

**ANGELA VIRAMONTES**
*Riverside Branch Chief*
**KELLEY MUNOZ**
*Santa Ana Branch Chief*
**K. ELIZABETH DAHLSTROM**
*Chief, Capital Habeas Unit*

Direct Dial: (213) 894-5308

June 25, 2024

Molly C. Dwyer, Clerk of the Court
United States Court of Appeals for the Ninth Circuit

Re: Response to Government's Fed. R. App. P. 28(j) Letter on *United States v. Rahimi*, --- U.S. ----, 2024 WL 3074728 (June 21, 2024) (Dkt. 75); *United States v. Duarte*, CA No. 22-50048 (opinion filed May 9, 2024, and published at 101 F.4th 657 (9th Cir. 2024)).

Dear Ms. Dwyer:

*Rahimi* wholly undermines the government's principal argument here.

The government has contended that *Heller* and *Bruen*'s references to "law-abiding, responsible citizens" mean the Second Amendment excludes everyone with a modern felony conviction.[1] Judge Milan Smith's panel dissent echoed that reasoning,[2] and cases cited in the government's en banc petition all adopted some version of it.[3]

---

[1] GAB 13, 20-21, 31, 50; Rehearing Pet. 7, 9; *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008); *NYPSRA v. Bruen*, 597 U.S. 1, 38 & n.9 (2022).

[2] *Duarte*, 101 F.4th at 693 & n.2 (dissent).

[3] *United States v. Gay*, 98 F.4th 843, 846-47 (7th Cir. 2024); *United States v. Jackson,* 69 F.4th 495, 503-04 (8th Cir. 2023); *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023); *United States v. Dubois*, 94 F.4th 1284, 1291-93 (11th Cir. 2024).

In *Rahimi*, however, the Supreme Court unanimously rejected the contention that that phrasing delineates the Second Amendment's coverage.[4] It explained that the issue of who could be disarmed "was simply not presented" in *Heller* and *Bruen*. *Rahimi*, 2024 WL 3074728, at *11; *see also id.* at *45 (Thomas, J., dissenting) ("Not a single Member of the Court adopts the Government's theory."). The *Duarte* majority therefore correctly rejected the argument that *Heller* and *Bruen* created a "non-law-abiding" Second Amendment carveout.[5]

Nor does *Rahimi* otherwise help the government. It is explicitly narrow, holding "only" that "an individual found by a court to pose a credible threat to physical safety of another may be *temporarily* disarmed." 2024 WL 3074728 at *11 (emphasis added). Nothing in it supports the government's claim that it may *permanently* and *automatically* disarm *anyone* ever convicted of *any* felony.

To the contrary, *Rahimi* explained that even laws "regulat[ing] arms-bearing for a permissible reason" may be unconstitutional "if [they do] so to an extent beyond what was done at the founding." *Id.* at *6. It therefore supports the panel's holding that permanent disarmament requires a conviction analogous to Founding-era crimes carrying permanent punishments like execution.[6]

Respectfully submitted,

/s/ *Sonam Henderson*
SONAM HENDERSON
Deputy Federal Public Defender

---

[4] *E.g.*, Argument Transcript 4-9, *United States v. Rahimi*, https://www.supremecourt.gov/oral_arguments/argument_transcripts/2023/22-915_986b.pdf.

[5] *Duarte*, 101 F.4th at 670.

[6] *Duarte*, 101 F.4th at 689-90.

# **Certificate of Compliance re Length**

 Pursuant to Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6, I hereby certify that the body of the foregoing letter (including footnotes, but not including the letterhead, preliminary information, the greeting, or the signature block) contains 349 words.

            /s/ *Sonam Henderson*
            SONAM HENDERSON
            Deputy Federal Public Defender