**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854
213-894-0081 FAX

**CUAUHTEMOC ORTEGA**
*Federal Public Defender*
**AMY M. KARLIN**
*Chief Deputy*

**ANGELA VIRAMONTES**
*Riverside Branch Chief*
**KELLEY MUNOZ**
*Santa Ana Branch Chief*
**K. ELIZABETH DAHLSTROM**
*Chief, Capital Habeas Unit*

Direct Dial: (213) 894-5308

July 8, 2024

Molly C. Dwyer, Clerk of the Court
United States Court of Appeals for the Ninth Circuit

Re: Response to Government's Fed. R. App. P. 28(j) Letter on *Garland v. Range*, No. 23-374 (July 2, 2024) (Dkt. 79); *United States v. Duarte*, CA No. 22-50048 (opinion filed May 9, 2024, and published at 101 F.4th 657 (9th Cir. 2024).

Dear Ms. Dwyer:

The government's letter on *Range* ignores that the Supreme Court also vacated *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023), and *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023), the chief cases underlying the government's claimed circuit splits. *See* Orders List (U.S. July 2, 2024) (granting and vacating *Range*; *Jackson v. United States*, No. 23-6170; and *Vincent v. Garland*, No. 23-683). (*See also* Rehearing Pet. 14-15.)

The *Jackson* and *Vincent* vacaturs are unsurprising. The Eighth and Tenth circuits adopted many of the government's arguments in this case. (*See*, *e.g.*, Dkts. 38, 61.) But *Rahimi* unanimously repudiated at least one such argument: the notion that prior references to "law-abiding, responsible citizens" delineate the Second Amendment's coverage. (Dkt. 76 (citing *Rahimi*, 2024 WL 3074728 at *11; and *id.* at *45 (Thomas, J., dissenting)).)[1]

---

[1] A third case the government's petition cites, *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024), hasn't reached its certiorari deadline. But *Dubois* shares its reasoning with *Vincent*, (Rehearing Pet. 14; Dkt. 76), so there is little reason to think the Supreme Court would treat it differently.

Although the Court also vacated *Range*, the panel's reasoning here is much narrower than *Range*'s: whereas *Range* recognized *no* historical analogues for § 922(g)(1), *Duarte* held § 922(g)(1) can be constitutionally applied when the government demonstrates defendants' priors are meaningfully analogous to Founding-era felonies punishable by death, life imprisonment, or forfeiture. (Dkt. 74 (Rehearing Opp.) at 14-15 (*comparing Range*, 69 F.4th at 103-06 *with Duarte*, 101 F.4th at 689-91).) Indeed, *Duarte*'s approach anticipated *Rahimi*'s holding that laws "regulat[ing] arms-bearing for a permissible reason" may be unconstitutional "if [they do] so to an extent beyond what was done at the founding." (*See* Dkt. 76, citing *Rahimi*, 2024 WL 3074728, at *6.)

The Supreme Court's GVRs thus undermine, not support, the rehearing petition. And the government's claim that *Duarte* will "thwart" efforts to battle violent crime, (Dkt. 79), both mischaracterizes the panel's careful, limited opinion, and invokes the deference to legislative interest-balancing that *Bruen* said is inappropriate for Second Amendment analysis. (*See* Dkt. 74 at 1-2, 5-9, 13-16, 18-19.)

Respectfully submitted,

/s/ *Sonam Henderson*
SONAM HENDERSON
Deputy Federal Public Defender

# Certificate of Compliance re Length

    Pursuant to Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6, I hereby certify that the body of the foregoing letter (including the footnote, but not including the letterhead, preliminary information, the greeting, or the signature block) contains 349 words.

                                      /s/ *Sonam Henderson*
                                      SONAM HENDERSON
                                      Deputy Federal Public Defender