

U.S. Department of Justice

Criminal Division

*Appellate Section*                                      *Washington, D.C. 20530*

January 15, 2025

Hon. Molly C. Dwyer, Clerk
United States Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

      Re:   *United States v. Steven Duarte*, No. 22-50048
              Argued December 11, 2024

Dear Ms. Dwyer:

      Duarte has called this Court's attention to *Range v. Attorney General*, --- F.4th ---, 2024 WL 5199447 (3d Cir. 2024) (en banc), which held that 18 U.S.C. § 922(g)(1) was unconstitutional as applied to a civil plaintiff.

      *Range*'s holding is incorrect, and it conflicts with decisions from other circuits that have held that § 922(g)(1) is constitutional in all its applications. *See, e.g., United States v. Jackson*, 110 F.4th 1120, 1125-29 (8th Cir. 2024); *United States v. Hunt*, 123 F.4th 697, 702-08 (4th Cir. 2024). But even assuming § 922(g)(1) might be unconstitutional in some applications, *Range* would not support Duarte's challenge to § 922(g)(1). Indeed, his challenge would fail even in the Third Circuit.

      Duarte's case differs from *Range* in important ways. First, Duarte failed to preserve his Second Amendment challenge below, and he cannot establish plain error. *Compare United States v. Dorsey*, 105 F.4th 526 (3d Cir. 2024) (finding no plain error in § 922(g)(1)'s application to a defendant with a prior conviction for unlicensed carry).

      Second, the decision in *Range* was a "narrow one," involving a civil plaintiff with a twenty-year-old conviction for understating his income on a food stamps

application. *Range*, 2024 WL 5199447, at *8. Duarte, by contrast, was prosecuted for knowingly violating § 922(g)(1) despite his five felony convictions, including possession of cocaine base for sale and firearm possession by a felon. *See* Gov't Ans. Br. 6. And whereas *Range* found "no evidence" that the plaintiff "pose[d] a physical danger to others," *Range*, 2024 WL 5199447, at *8, Duarte's prior convictions are indicative of dangerousness, *see Folajtar v. Attorney General*, 980 F.3d 897, 924 (3d Cir. 2020) (Bibas, J., dissenting) (observing that crimes like drug dealing "are dangerous because they often lead to violence").

Third, Duarte was on post-release community supervision at the time of his offense. PSR ¶ 38. And the Third Circuit has upheld § 922(g)(1) as applied to a defendant on supervision. *United States v. Moore*, 111 F.4th 266, 273 (3d Cir. 2024). Thus, even if *Range* were correct, it would provide Duarte no help.

Respectfully submitted,

s/William A. Glaser
WILLIAM A. GLASER
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Ste. 1264
Washington, DC 20530
(202) 532-4495
William.Glaser@usdoj.gov

2